Allen **JOHNSON**

v.

Joseph **BRIERLEY.**

Civ. A. No. 69–600.

United States District Court
W. D. Pennsylvania.

July 17, 1969.

## MEMORANDUM OPINION

GOURLEY, Chief Judge.

In this state habeas corpus proceeding, the Court has received and thoroughly reviewed the entire state court records pertaining to petitioner's trial and post-conviction proceedings, including the trial transcript. Petitioner was indicted at No. 67 December Term 1961 in the Court of Oyer and Terminer of Allegheny County, Pennsylvania on counts of murder and voluntary manslaughter by reason of a bar-room homicide on November 8, 1961. After a trial by jury, petitioner was found guilty of murder in the first degree and death was fixed as the penalty. Sentence was imposed, and on appeal to the Supreme Court of Pennsylvania, judgment was affirmed. Commonwealth v. Johnson, 410 Pa. 605, 190 A.2d 146 (1963). Subsequently, the sentence of death was commuted to life imprisonment by the Board of Pardons.

A Petition for a Writ of Habeas Corpus was filed on December 9, 1965 by counsel for the petitioner at No. 3012 June Term 1966 in the Court of Common Pleas of Allegheny County. The Petition was denied upon argument by

counsel but without the hearing of testimony. No appeal was taken from the denial of this Petition. Subsequently, in February of 1967, a Petition was filed under the Post-Conviction Hearing Act, and counsel was appointed to represent the petitioner. Relief was denied without hearing, and, on appeal to the Supreme Court of Pennsylvania at No. 189 March Term 1967, the Supreme Court affirmed.

In the proceeding before this Court, petitioner asserts a denial of his constitutional right to due process of law based upon the following allegations:

(1) That the trial court admitted into evidence a coerced confession.

(2) That the trial court failed to make an independent determination of the voluntariness of the confession.

(3) That the confession was admitted into evidence although the confession was obtained in the absence of counsel.

(4) That petitioner was deprived of constitutional rights not recognized at the time of his trial but requiring retroactive application.

(5) That petitioner was deprived of his privilege against self-incrimination.

(6) That petitioner was denied the right to effective counsel at his trial.

(7) That state officials obstructed petitioner's right to appeal.

(8) That the waiver provisions of the Post-Conviction Hearing Act of 1966, 19 P.S. § 1180 et seq. [1180–1 et seq.] were applied to bar the raising of constitutional questions in petitioner's Post-Conviction Hearing Act proceeding which were either litigated or available to petitioner in his habeas corpus proceedings prior to the enactment of the Post-Conviction Hearing Act.

The Court has reviewed each of the grounds and found them to be lacking in merit.

■ With regard to petitioner's contention that his confession was improperly admitted into evidence, petitioner was represented by counsel at his trial, and counsel specifically stated on the record that he did not object to its admission into evidence. Accordingly, the trial court only had the duty to make an independent determination of the voluntariness and admissibility of the confession in the event that sufficient facts of record existed so as to alert the trial court to the possibility that the confession may not have been voluntary. Jackson v. Denno, 378 U.S. 368, 374, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963).

■ The trial record does not evidence facts which would have alerted the trial judge to a question as to the voluntariness of the confession. It was adduced at the trial that the petitioner had been drinking substantially at 4:40 a.m. on November 9, 1961 but was not in a state of drunkenness at the time. He became involved in a bar-room brawl with the victim at that time and received superficial wounds, a laceration above the left eye and upon the lip, for which, shortly thereafter, petitioner received a total of six sutures following the administration of procaine, a local anaesthesia used for toothaches.

Petitioner was then described as normal and calm when he purchased a rifle at 9:00 a.m. on November 9, 1961, and a half-hour later when he was apprehended for the shooting of the victim. A statement was given to the police at 2:20 p.m. on November 9, 1961, long after he had been drinking. The injuries received and the medical treatment administered almost eight hours before the statement were not such as to suggest a condition which would have affected the confession. Moreover, in the confession itself, petitioner set forth that he was sober and that his statement was induced by neither coercion nor promise. Petitioner made no attempt to contradict the statement at his trial or challenge the circumstances under which it was given. The Court therefore concludes that the state trial court properly admitted the confession into evidence, since counsel for the defendant made no objec-

tion to its admission and the facts before the trial court were not such as would alert it to make an independent determination of its voluntariness.

 Nor does the fact that petitioner was unrepresented by counsel at the time of his confession render unconstitutional its admission at his trial in 1962. The decisions rendered in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), do not apply retroactively to the petitioner's trial. Also, since it is concluded that the confession was properly admitted into evidence, the contention that petitioner was deprived of his privilege against self-incrimination is also without merit.

It is next contended that petitioner's two trial counsel were ineffective. The failure of counsel to object to the admission of petitioner's confession at trial hardly reflects upon their competence. When, prior to petitioner's apprehension, police officers entered the bar to find petitioner and his victim, petitioner volunteered without interrogation the statements, "I shot him. I hope I killed him." Under the circumstances, it is clear that counsel, as a matter of trial strategy, acquiesced in the admission of the confession to show a possible justification for the act committed.

Twenty-nine witnesses testified on behalf of the Commonwealth at trial. Beyond the cross-examination conducted and the case presented by the defense counsel, it is difficult to see what more could have been done for petitioner. The contention that counsel for petitioner were ineffective is contradicted by the facts of record.

Petitioner's contention that state officials obstructed his right to appeal is groundless. Petitioner had an appeal and was represented by counsel in that appeal.

Petitioner finally raises the question as to whether the waiver provisions of Section 4 of the Post-Conviction Hearing Act of the Commonwealth of Pennsylvania, 19 Purdon's Pa.Stat.Ann. § 1180–4, may be applied by the Courts of the Commonwealth of Pennsylvania to bar petitioner from raising in his second post-conviction proceeding constitutional questions which either were litigated by petitioner or available but unraised by petitioner in his first post-conviction proceeding which was adjudicated prior to the enactment of the Post-Conviction Hearing Act. It is not necessary to consider this question for the reason that this Court has made an independent determination of the merits of each of the constitutional claims asserted in petitioner's second post-conviction proceeding in the state courts, all of which he has again raised in this Court.

After a full review of the state court records in this proceeding, the Court concludes that each of the grounds asserted in the instant Petition are without merit, being unsupported either in law or fact.

An appropriate order is entered.