James Burl JOHNSON, Petitioner,

v.

Donald W. WYRICK, Warden,[1] Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 73CV252-W-3.

United States District Court,
W. D. Missouri, W. D.

Aug. 12, 1974.

---

[1.] Because of judicially noticeable succession in office, Donald W. Wyrick, present Warden of the Missouri State Penitentiary at Jefferson City, Missouri, is substituted as the respondent in this action in his official capacity. *See*, Caffey v. Wyrick, 377 F. Supp. 160 (W.D.Mo.1974) ; Russell v. Wyrick, Civil Action No. 73CV401–W–3–R (W. D.Mo. July 20, 1974).

James Burl Johnson, pro se.

Karen I. Harper, Asst. Atty. Gen. of Jefferson City, Mo., for respondent.

FINAL JUDGMENT DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITH RESPECT TO PETITIONER'S CONTENTION, SET FORTH AS GROUND FIVE, THAT FOUR PRIOR CONVICTIONS WERE ILLEGALLY SECURED AND UNCONSTITUTIONALLY EMPLOYED TO ENHANCE HIS FINAL SENTENCE, AND DENYING PETITION FOR A WRIT OF HABEAS CORPUS WITH RESPECT TO THE REMAINING EXHAUSTED GROUNDS AND CONTENTIONS

WILLIAM H. BECKER, Chief Judge.

■ This is a petition [2] for a writ of federal habeas corpus by a state prisoner in custody at the Missouri State Penitentiary at Jefferson City, Missouri. Petitioner seeks an adjudication that his conviction and sentence were illegally secured and imposed upon him in violation of his federal constitutional rights. Petitioner requests leave to proceed in *forma pauperis*. Leave to proceed in *forma pauperis* has been granted by prior order of this Court on October 31, 1973.

The petitioner states that he was originally convicted in the Circuit Court of Vernon County, Missouri, of forcible rape in violation of Section 559.260, RSMo (1949), V.A.M.S.; that he was convicted by a jury of the above offense [3]; that he was sentenced on that conviction on June 17, 1953, to a term of thirty years imprisonment; that he appealed from the judgment of conviction and imposition of sentence to the Su-

preme Court of Missouri; that the judgment of the trial court was reversed on appeal in Missouri v. Johnson, 267 S.W. 2d 642 (Mo.Sup.1954), and remanded (for a new trial) to the trial court; that he was given a new trial before a jury in the Circuit Court of Vernon County and that he was again convicted by a jury of forcible rape in violation of Section 559.260 RSMo (1949), V.A.M.S., and he was also convicted in the new trial under the Missouri Habitual Criminal Act, Section 556.280, RSMo (1949), V.A.M.S.; that in the new trial a sentence was imposed upon him by the jury on November 19, 1954, for a period of forty years; that he did not timely appeal from the judgment of conviction and imposition of sentence following his second trial; that he filed a motion under Missouri Criminal Rule 26.26, V.A. M.R., in the Circuit Court of Vernon County to vacate the second judgment of conviction and the sentence of forty years alleging inadequate assistance of counsel in failing to appeal his conviction and sentence of forty years, which motion was denied by the Circuit Court of Vernon County; that he sought review of the denial of his motion under Rule 27.26 under Missouri Criminal Rule 28.05 [repealed September 1, 1967]; that the Supreme Court of Missouri affirmed the denial of petitioner's motion under Rule 27.26 on June 13, 1960, in Missouri v. Johnson, 336 S.W.2d 668 (Mo.Sup.1960); that petitioner filed a successive motion under Rule 27.26 in the Circuit Court of Vernon County requesting that (1) judgment and sentence of forty years entered in 1954 be vacated and set aside, and (2) that petitioner be granted absolute discharge, or, in the alternative, that petitioner be granted a new trial; that on the second motion under Rule 27.26, the trial court ordered: (1) that the second judgment and sentence be set aside; (2) that peti-

---

2. This is the ninth federal habeas corpus petition filed by the petitioner in this Court.

3. The jury in the first trial did not find for or against the petitioner on the separate ha-

bitual criminal issues at the first trial. The sentence imposed by that jury was well within the permissible punishment for forcible rape without employing the habitual criminal statute provisions.

tioner be allowed to file a motion for new trial challenging the second conviction and the forty year sentence, from the denial of which he could appeal; and (3) that petitioner's request for absolute discharge or for a new trial be denied; that petitioner appealed from this latter decision of the trial court on his successive 27.26 motion to the Missouri Supreme Court; that the Supreme Court of Missouri affirmed the decision of the trial court on September 14, 1970, in Johnson v. Missouri, 458 S.W.2d 713 (Mo.Sup.1970); that petitioner moved for rehearing or transfer to the Supreme Court of Missouri *en banc*; that this motion was denied on October 12, 1970; that pursuant to the judgment of the Missouri Supreme Court in Johnson v. Missouri, 458 S.W.2d 713 (Mo.Sup. 1970), petitioner filed a motion for a new trial challenging the second conviction; that this motion was denied by the trial court; that on May 26, 1971, the trial court imposed a new sentence of forty years imprisonment based on his second conviction by a jury; that on appeal, petitioner's contentions were denied on the merits by the Missouri Supreme Court in Missouri v. Johnson, 485 S.W.2d 106 (Mo.Sup.1972); and that petitioner moved for a rehearing or transfer to the Supreme Court of Missouri *en banc*, which was denied on October 9, 1972.

With respect to the petitioner's participation in federal postconviction litigation, petitioner simply states that this federal District Court ". . . has a complete list of all petitions filed by the petitioner." A review of the records and files of this Court reveals the following history of the federal habeas corpus cases in this Court which the petitioner filed and the dates of the final decisions in those cases: (1) Johnson v. Nash, Civil Action No. 820 (W.D.Mo. May 20, 1963); (2) Johnson v. Swenson, Civil Action No. ¹¹67 (W.D.Mo. February 9, 1968); (3) Johnson v. Nash, Civil Action No. 1815 (W.D.Mo. April 22, 1965) (evidentiary hearing held)[4]; (4) Johnson v. Swenson, Civil Action No. 17692–3 (W.D.Mo. October 10, 1969); (5) Johnson v. Swenson, Civil Action No. 18345–3 (W.D.Mo. May 14, 1970); (6) Johnson v. Swenson, Civ-Action No. 19902–3 (W.D.Mo. June 16, 1972); (7) Johnson v. Missouri, Civil Action No. 20253–3 (W.D.Mo. June 21, 1972); and (8) Johnson v. Missouri, 381 F.Supp. 741, Civil Action No. 20627–3 (W.D.Mo.1973).

Petitioner states that he was represented by counsel at his arraignment and trial; that he was not represented by counsel at his initial sentencing; that he was represented by counsel at his resentencing; and that he was provided counsel on all his appeals and in the preparation and filing of his 27.26 motions.

Petitioner states the following grounds on which he bases his contention that he is being held in custody unlawfully:

"1. Petitioner was denied a fair and impartial trial under the due process clause of the Fourteenth Amendment to the United States Constitution. . . .

"2. Petitioner was wholly incompetent to stand trial on the charge made by the State of Missouri, and Peti-

---

4. Before it became clear under Missouri jurisprudence that the original short form Missouri Criminal Rule 27.26 would be construed in full accord with the principles and procedural details of the United States Supreme Court trilogy of Fay v. Noia, 372 U. S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), a plenary evidentiary hearing with assistance of counsel was held

on March 11, 1964, on petitioner's then pending petition for a writ of habeas corpus in Johnson v. Nash, Civil Action No. 1815 (W.D.Mo. April 22, 1965). When it became evident, subsequent to the date of the hearing, that under Missouri jurisprudence the petitioner had a currently available and effective state postconviction remedy under Missouri Criminal Rule 27.26, that pending petition for federal habeas corpus was dismissed without prejudice. Johnson v. Nash, *supra.*

tioners (sic) conviction must fall because it violates the due process clause of the Fourteenth Amendment of the United States Constitution, to convict and imprison an insane person on a felony charge or any charge.

"3. Petitioner was denied his constitutional right to the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution. . . .

"4. The trial court lacked jurisdiction to try Petitioner under the Habitual Criminal Statute under the information filed in at the second trial because it allowed the finding of guilt of Petitioner on all four alleged prior convictions, when the issue of two prior convictions had been resolved by the first jury in favor of Petitioner.

"5. Petitioner has been denied due process of law in this case because the Court relied upon four prior convictions to sustain the increase in punishment of Petitioner, when such prior convictions are violating the Sixth and Fourteenth Amendments of the United States Constitution. . . ." 5

Petitioner states the following allegations in support of his contention that he is being held in custody unlawfully:

"During the course of the trial the Special Prosecutor made remarks to the court that Petitioner was calling him names while the trial was in progress, and in the hearing of the jury and such conduct on the part of the prosecutor was so calculated as to 'put on a show' for the jury to bolster (sic) the states (sic) case by inferring to the jury that Petitioner was cursing the prosecutor out because he was merely just showing the facts, and doing his duty under the law, when in fact it was calculated tactic on the part of the said prosecutor to prejudice the Petitioner in the eyes of the jury and in open court.

"Furthermore, on the last day of the trial the 'stage' was once again set by the prosecutor, in that he had arranged to have the alleged victims of the crime inside the area of the courtroom reserved for counsel and the court reporter and Defendant. During the final arguments of the case, these young girls were openly crying in the presence of the jury. Such a placing of the alleged victims, over objection of trial counsel, was a calculated move on the part of the prosecutor to help influence the jury and to inflame the minds of the jurors, to such an extent that they would have a deep hatred for the Defendant, and would be unable to render an impartial verdict mandated by the due process clause, or to seriously consider the fact the Petitioner was obviously insane at the time of the commission of the crime.

"Counsel falsely told Petitioner that at the conclusion of the second trial there could not be another appeal because the law only allowed one appeal, and that when the verdict was brought in by the jury, that was the end of the case, no matter what the verdict might be.

"Counsel failed to object to the introduction of the alleged prior convictions of Petitioner at the second trial, even though Petitioner had been acquitted of the said prior convictions by the first jury. Moreover, counsel failed to object to authenticity of the alleged prior convictions, nor did he raise the issue of verified proof of these convictions, or that the state

---

5. Petitioner's attempt to challenge the four prior convictions in this action is not meritorious because: (1) the record of the convictions is facially regular; (2) petitioner did not raise such an objection in the second trial when such evidence was sought to be admitted; (3) the use of the prior felony convictions may have constituted trial strategy; and (4) there is no evidence of any direct postconviction attack on any of the convictions by means of state postconviction remedies or federal habeas corpus in any state or district of conviction.

had not put forth the proof necessary under the law that the allegations pertaining to the convictions were in fact true and *valid* convictions.

"The prior conviction of Petitioner from West Union, Iowa, for Breaking & Entering was obtained after promises were made that if Petitioner plead guilty, he would receive either a six month jail term, or be sent to the state reformatory for 11 months to be taught a trade. The appointment of counsel, and this deal took place in a total time of approximately five minutes, and is violative of the principles of POWELL v ALABAMA, 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158], and the plea barganing (sic) processes now mandatory on the states, SANTOBELLO v. NEW YORK, [404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427] No. 70–98 Dec. 20, 1971.

"2nd Conviction at West Union, Iowa, for receiving stolen property, was meted out after a four or five minute consultation with a woman attorney, who, without any investigation into the case advised a plea of guilty. She was appointed in the courtroom and some four or five minutes later Petitioner received a five year term. Such representation violates the Sixth and Fourteenth Amendments of the United States Constitution.

"3rd Conviction at Waterloo, Iowa, May 1940, was obtained without counsel at all, and in violation of GIDEON v WAINWRIGHT, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799].

"4th Conviction, Stealing Government property from a Post Office, was obtained after proforma appointment of counsel, whereby an attorney was located in the courthouse and brought to the court room, where he told Petitioner, 'You'll have to plead guilty. I've not got time to try any case, I'm on my way to Washington, now.' and left. Said conviction is violative of the Sixth and Fourteenth Amendments of the United States Constitution, as violative of *GIDEON* and *POWELL,* principles.

"Moreover, the use of unconstitutional convictions to enhance the punishment of a person at a later trial has been held to be violative of the Constitution, and in effect 'denies counsel anew.' BURGETT v TEXAS, 384 [389] U.S. 109 [88 S.Ct. 258, 19 L.Ed.2d 319]; UNITED STATES v TUCKER, 404 U.S. 443 [92 S.Ct. 589, 30 L.Ed.2d 592], and the principle is wholly retroactive: KITCHENS v SMITH, 402 [401] U.S. 847 [91 S.Ct. 1089, 28 L.Ed.2d 519]." [6]

On October 31, 1973, this Court entered an order granting petitioner leave to proceed in *forma pauperis* and directing the respondent to show cause why the petition herein for a writ of habeas corpus should not be granted.

On June 13, 1973, petitioner filed herein a "Motion to Disqualify" the undersigned District Judge. On that same day, petitioner submitted to this Court his "Amendment to Habeas Corpus," therein setting forth additional factual and legal contentions in support of his petition herein.[7] On November 5, 1973, an order was entered denying petitioner's motion to disqualify the undersigned District Judge, and petitioner was granted leave to file his "Amendment to Habeas Corpus" as a supplemental petition for a writ of habeas corpus.

Following the filing of a motion for an extension of time to file a response and the grant thereof by order of this Court on November 16, 1973, counsel for

---

6. In his "Amendment to Habeas Corpus," petitioner additionally contends that the trial court improperly allowed him to become "carried away" in the process of examining witnesses, and that the court improperly insisted that he speak up. Petitioner further alleges that the trial court erred in permitting other witnesses (rape victims) to testi-

fy that the petitioner raped them, rather than limiting their testimony to those events relating to the victims named in the information, and that the instruction submitted to the jury defining the defense of insanity was confusing.

7. See footnote 6, *supra.*

respondent filed herein on November 23, 1973, his response to the order to show cause, therein stating that petitioner had exhausted his currently available and adequate state court remedies with respect to all of the contentions raised in the petition herein. As part of the response, counsel for respondent attached and submitted photocopies of the following documents: (1) the opinion of the Missouri Supreme Court in Missouri v. Johnson, 267 S.W.2d 642 (Mo.Sup. 1954), reversing and remanding petitioner's first conviction; (2) the transcript and record on appeal to the Missouri Supreme Court with respect to the appeal of petitioner's second trial; (3) the transcript and record on appeal to the Missouri Supreme Court from the order of the trial court vacating the judgment and remanding for further proceedings pursuant to petitioner's second motion for postconviction relief; (4) petitioner's brief filed in the Missouri Supreme Court in the above-noted appeal; (5) the respondent's brief in the Missouri Supreme Court in the above-noted appeal; (6) the opinion of the Missouri Supreme Court in Johnson v. Missouri, 458 S.W.2d 713 (Mo.Sup. 1970), affirming the order of the trial court vacating the judgment and remanding for further proceedings; (7) petitioner's brief filed in the Missouri Supreme Court with respect to petitioner's direct appeal from his second conviction; (8) respondent's brief filed in the Missouri Supreme Court in the above-noted appeal; and (9) the opinion of the Missouri Supreme Court in Missouri v. Johnson, 485 S.W.2d 106 (Mo. Sup.1972).

On November 28, 1973, petitioner filed herein what amounts to a traverse to the response of the respondent. In that traverse, petitioner generally denies the contentions of the respondent as set forth in the respondent's response to the order to show cause.

■ Under the provisions of Section 2254, Title 28, United States Code, a state prisoner, in the absence of exceptional circumstances not shown to be present in the case at bar, must fully exhaust his currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963). Under subsection (c) of Section 2254, Title 28, United States Code, a state prisoner's state remedies are ordinarily not considered exhausted so long as he may present his contentions to the state courts by "any available procedure."

In the case at bar, the petition herein and other records available to this Court, including photocopies of petitioner's transcripts on appeal to the Missouri Supreme Court and the official reports of petitioner's appeals to the Missouri Supreme Court in Missouri v. Johnson, 267 S.W.2d 642 (Mo.Sup. 1954); Missouri v. Johnson, 336 S.W.2d 668 (Mo.Sup.1960); Johnson v. Missouri, 458 S.W.2d 713 (Mo.Sup.1970); and Missouri v. Johnson, 485 S.W.2d 106 (Mo.Sup.1972), show that ground five has not been presented to any court in a postconviction proceeding.

In ground five, petitioner attempts to raise the contention that the four prior felony convictions, two of which were presented but not determined for or against the petitioner at the first trial and all four of which were presented, considered and determined against the petitioner at the second trial, were illegally secured and that these allegedly invalid prior convictions were illegally used to enhance the sentence imposed following the second trial. In support of this contention the petitioner relies on the United States Supreme Court decision in the case of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). In the *Tucker* case, the Supreme Court ruled that where constitutionally invalid state sentences may have influenced a later sentence, the case must be remanded to the trial court for reconsideration of the sentence.

■ Petitioner's reliance on the *Tucker* case is premature at best. Petitioner does not state, nor does the record presented to this Court show, that (1) this precise contention has been presented and fully exhausted in the Missouri courts, or (2) that the allegedly unconstitutional prior state felony convictions have been challenged or invalidated in state postconviction proceedings in the jurisdictions where those prior felony convictions were secured. On this precise issue, the United States Court of Appeals for the Eighth Circuit, in the recent case of Young v. United States, 485 F.2d 292, 294 (8th Cir. 1973), held as follows:

"In short, a [habeas corpus] proceeding based on *Tucker,* which is itself a collateral proceeding, should not have as its essential predicate a collateral attack on still another sentence, especially if the sentence was imposed by a state court of another jurisdiction, which has not been invalidated in proceedings originally begun in that latter jurisdiction. A contrary conclusion would mean that a petitioner might use a collateral proceeding in one jurisdiction to make 'a collateral second-level' attack on judgments of convictions rendered in state courts, in which there had been not the slightest attempt at exhaustion of state remedies." *See also,* Brown v. United States, 483 F.2d 116, 118 (4th Cir. 1973); Ryan v. United States, 485 F.2d 295, 296 (8th Cir. 1973).

The exhaustion question present in the case at bar with respect to the above-noted precise issue is distinguishable from the exhaustion question which was present in the recent case of Irby v. Missouri, 502 F.2d 1096 (8th Cir., No. 73–1495, 1974). In the *Irby* case, the precise legal contention in question was expressly presented to the Circuit Court in a postconviction proceeding and was considered and denied on the merits. That same legal issue was then raised on direct appeal. The Missouri Supreme Court, however, skirted the issue. Under those facts, the United States Court of Appeals held that the precise issue had been exhausted for federal habeas corpus purposes. In contrast, in the case at bar the records presented to this Court do not reveal that the above-noted precise issue has been presented to any court in a postconviction proceeding and decided on the merits, and then raised on direct appeal to the highest court of the state. Although petitioner has exhausted related issues concerning the use of the four prior felony convictions, he has not exhausted his adequate and available state postconviction remedies with respect to the validity of the four prior felony convictions.

■ Under these circumstances, petitioner must avail himself of his adequate and available state postconviction remedies. Young v. United States, *supra*; Brown v. United States, *supra*; Rayan v. United States, *supra*; Bosler v. Swenson, 423 F.2d 257 (8th Cir. 1970); Baines v. Swenson, 384 F.2d 621 (8th Cir. 1967). Petitioner should therefore challenge and seek to invalidate the four prior felony convictions in postconviction proceedings in the trial courts and jurisdictions where those prior felony convictions were secured. Young v. United States, *supra*. From any adverse decision of the trial court on such a challenge, petitioner should also appeal to the highest court in the state. In the absence of exceptional circumstances, not stated to be present in the case at bar, only when the highest court in the state, applying current federal standards and having before it an adequate evidentiary record, has ruled adversely to petitioner on the merits of his contentions can his state remedies be deemed exhausted for purposes of federal habeas corpus jurisdiction. 28 U.S.C. § 2254; Picard v. Connor, *supra*; Fay v. Noia, *supra*; Bosler v. Swenson, *supra*; Wilwording v. Swenson, 439 F.2d 1331 (8th Cir. 1971); Cobb v. Wyrick, 379 F. Supp. 1287 (W.D.Mo.1974); Russell v. Wyrick, Civil Action No. 73CV401–W–3–R (W.D.Mo. July 20, 1974).

The petition herein for a writ of habeas corpus should therefore be dis-

missed without prejudice for failure to exhaust effective currently available and adequate state postconviction remedies with respect to ground five and the legal and factual contentions in support thereof.

Petitioner's remaining grounds and contentions in support of the present petition have been adequately exhausted. To save time and unproductive effort and in the discretion of this Court, these remaining grounds and contentions will be hereinafter reviewed and considered on the merits. Cobb v. Wyrick, *supra*; Russell v. Wyrick, *supra*; *see also*, Tyler v. Swenson, 483 F.2d 611, 614 (8th Cir. 1973); Irby v. Missouri, *supra*.[8]

■ From a review of the files and records in the case at bar, including the transcripts and records on appeal to the Missouri Supreme Court, it is concluded that the petitioner was afforded full and fair evidentiary hearings resulting in reliable findings of fact under applicable federal procedural and substantive standards. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Brodkowicz v. Swenson, 357 F.Supp. 178, 185 (W.D.Mo.1973); Noble v. Swenson, 285 F.Supp. 385 (W.D.Mo.1968); Russell v. Wyrick, Civil Action No. 73CV401–W–3–R (W.D.Mo. July 20, 1974). Under these circumstances, this Court may rely on the state records, or in the alternative, independently find the facts from all the evidence in the habeas corpus record if the record is adequate for this purpose, without holding an evidentiary hearing.[9] Townsend v. Sain, *supra*; Brown v. Swenson, 487 F.2d 1236, 1240 (8th Cir. 1973); In re Parker, 423 F.2d 1021 (8th Cir. 1970); Meller v. Swenson, 309 F.Supp. 519 (W.D.Mo.1969), affirmed, 431 F.2d 120 (8th Cir. 1970), cert. denied, 400 U. S. 996, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971); Mountjoy v. Swenson, 306 F. Supp. 379 (W.D.Mo.1969); Brodkowicz v. Swenson, *supra*; Redus v. Swenson, 468 F.2d 606 (8th Cir. 1972); Russell v. Wyrick, *supra*. To the extent that the decision to hold an evidentiary hearing in the case at bar is discretionary, it is concluded that such a hearing need not and should not be held. Crosswhite v. Swenson, 444 F.2d 648 (8th Cir. 1971); Wilwording v. Swenson, Civil Action No. 73CV55–W–3 (W.D.Mo. October 19, 1973), affirmed, (8th Cir. No. 73–1837, May 21, 1974).

In his first ground, petitioner generally contends that he was denied a fair and impartial trial by virtue of: (1) the

8. Although the United States Court of Appeals for the Eighth Circuit in Tyler v. Swenson, 483 F.2d 611 (8th Cir. 1973) and Irby v. Missouri, 502 F.2d 1096 (8th Cir. No. 73–1495, 1974) appeared to effectively approve the practice of habeas corpus piecemeal litigation, the United States Supreme Court has not adopted such a position, but rather has emphasized that "[n]o prisoner has a right either under the Federal Constitution or under 28 U.S.C. § 2241 (1970), to insist upon piecemeal collateral attack on a presumptively valid criminal conviction in the face of such a statutory [postconviction remedy] provision." Murch v. Mottram, 409 U.S. 41, 45–46, 93 S.Ct. 71, 73, 34 L.Ed.2d 194, 199 (1972), reh. denied, 409 U.S. 1119, 93 S.Ct. 894, 34 L.Ed.2d 704 (1973); *accord*, Deckard v. Swenson, 335 F.Supp. 992, 996 (W.D.Mo.1971); Taggert v. Swenson, 313 F.Supp. 146, 147 (W.D.Mo.1970); Wilwording v. Swenson, Civil Action No. 73CV55–W–3 (W.D.Mo. October 19, 1973), affirmed, (8th Cir. No. 73–1837, May 21, 1974); Vera v. Beto, 332 F.Supp. 1197 (S. D.Tex.1971); Green v. Beto, 460 F.2d 322 (5th Cir. 1972); Hamilton v. Craven, 350 F.Supp. 1251, 1253 (N.D.Cal.1971), affirmed, 469 F.2d 1394 (9th Cir. 1973); *cf.* Sanders v. United States, 373 U.S. 1, 17–18, 83 S.Ct. 1068, 10 L.Ed.2d 148, 163 (1963); Cobb v. Wyrick, 379 F.Supp. 1287 (W.D.Mo. 1974).

9. An additional reason for not holding an evidentiary hearing in the case at bar is the fact that an evidentiary hearing was previously held on March 11, 1964, on petitioner's then pending petition for a writ of federal habeas corpus in Johnson v. Nash, Civil Action No. 1815 (W.D.Mo. April 22, 1965). When it became evident, subsequent to the date of that hearing, that the petitioner had a currently available and adequate state postconviction remedy under Missouri Criminal Rule 27.26, that pending petition for federal habeas corpus, was dismissed without prejudice for failure to exhaust state remedies. Johnson v. Nash, *supra*.

prosecutor's statement to the court, in the presence of the jury, that the petitioner was calling the prosecutor obscene names (in one instance admitted by petitioner of record who disputed only the nature of the obscene name); and (2) the presence or alleged conduct of the rape victims during the trial.

Both of the above contentions under the first ground have been presented to the Missouri Supreme Court. Upon full consideration of these contentions, the Missouri Supreme Court concluded that neither contention warranted relief. The first contention was presented to the Missouri Supreme Court on appeal from the order setting aside petitioner's conviction and on direct appeal of his second conviction. The Missouri Supreme Court held that the authorities cited by the petitioner were inapplicable and that in any event, no remedial action had been requested or was warranted. The second contention was raised on direct appeal from the petitioner's second conviction. The Missouri Supreme Court noted that, although the record did not indicate that witnesses remained over objection in the "restricted" area of the courtroom during closing arguments, even assuming that they were in fact the rape victims, such a situation is subject to the discretion of the trial judge. The Missouri Supreme Court concluded that the trial court did not abuse its discretion in permitting those individuals to remain because they sat at some distance (thirty feet) from the jury and they were not "paraded" before the jury. With respect to their display of emotion during closing argument, the Missouri Supreme Court, after noting that the observations of the prosecutor and defense counsel differed on this question, deferred to the trial court's implicit conclusion that prejudicial error did not occur and that a mistrial was not warranted.

■ The above contentions raise only questions of compliance with standards of state law and they need not be sustained by this Court. Caffey v. Wyrick, 377 F.Supp. 160 (W.D.Mo.1974); Russell v. Wyrick, Civil Action No. 73CV401–W–3–R (W.D.Mo. July 20, 1974). The power of this Court in habeas corpus proceedings is limited to violations of federal constitutional and statutory standards and questions of state law are not cognizable. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 837 (1963); accord, Frazier v. Roberts, 441 F.2d 1224, 1228 (8th Cir. 1971); Robinson v. Wolff, 468 F.2d 438, 440 (8th Cir. 1972); LaBrasca v. Misterly, 423 F.2d 708 (9th Cir. 1970), cert. denied, 400 U.S. 838, 91 S.Ct. 77, 27 L.Ed. 2d 72 (1970); Pacheco v. Hocker, 406 F.2d 1031 (9th Cir. 1969), cert. denied, 396 U.S. 1043, 90 S.Ct. 691, 24 L.Ed.2d 687 (1970); Morton v. Haynes, 332 F. Supp. 890, 892 (E.D.Mo.1971); Caffey v. Wyrick, supra; Russell v. Wyrick, supra.

■ Nevertheless, even considering these two contentions on the merits, neither of which rises to a level of constitutional or federal statutory dimensions, Durham v. Haynes, 368 F.2d 989 (8th Cir. 1966), cert. denied, 390 U.S. 959, 88 S.Ct. 1054, 19 L.Ed.2d 1154 (1968); Scalf v. Bennett, 408 F.2d 325 (8th Cir. 1969), it is concluded that under state or federal law they do not, either singly or cumulatively, amount to a denial of due process or of a fair and impartial trial. No substantial prejudice as a result of the alleged trial irregularities has been stated or shown by the petitioner to warrant the granting of habeas corpus relief. Scalf v. Bennett, supra; Durham v. Haynes, supra; Wilson v. Nebraska, 316 F.2d 84 (8th Cir. 1963); Purkhiser v. Wainwright, 338 F.Supp. 369 (S.D.Fla.1971), affirmed, 455 F.2d 506 (5th Cir. 1972); Hackworth v. Beto, 434 F.2d 852 (5th Cir. 1970); McCormick v. Swenson, 328 F.Supp. 646 (E.D. Mo.1971). The findings of fact and conclusions made on these contentions by the Circuit Court of Vernon County and the Missouri Supreme Court are supported by the evidence. Brown v. Swenson, 487 F.2d 1236 (8th Cir.

1973); Taylor v. Swenson, 458 F.2d 593 (8th Cir. 1972); Russell v. Wyrick, *supra.*

In his second ground, petitioner contends that he was "wholly incompetent to stand trial on the charge made by the State of Missouri. . . ." This same issue was presented by the petitioner to the Missouri Supreme Court on appeal from the denial of his motion for a new trial. The Missouri Supreme Court noted that the testimony of the physician who had been on the staff of the State Hospital in Nevada and who examined the petitioner before the first and second trials was ". . . directed primarily to the then applicable test of knowledge of right from wrong. He expressed no opinion concerning the defendant's competency to stand trial or to cooperate with counsel." Missouri v. Johnson, 485 S.W.2d 106, 112 (Mo.Sup. 1972). The Missouri Supreme Court concluded, after review of the record on appeal, that the petitioner's testimony did ". . . not show that the defendant was not competent to stand trial or to assist in his own defense." Missouri v. Johnson, *supra.*

■ The test of mental competency at the time of trial or the entering of a plea in a criminal case is whether the accused '. . . has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.' Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825 (1960). Stated in other words, an accused must be able to understand the nature of the proceedings against him and to assist his counsel in his defense.

A plenary evidentiary hearing on this precise issue was held by the undersigned District Judge on March 11, 1964, on petitioner's then pending petition for a writ of federal habeas corpus in Johnson v. Nash, Civil Action No. 1815 (W.D.Mo. April 22, 1965).[10] The

petitioner was provided assistance of counsel in that federal habeas corpus proceeding. At that hearing, the petitioner testified and assisted his counsel competently, and by his testimony he demonstrated that he was mentally competent, had full recall of the details of the pretrial, trial, postconviction and appellate proceedings resulting in his original conviction, new trial and second conviction. Furthermore, petitioner's former legal and able defense counsel at the first trial, Mr. Teel, testified that there were no indications that the petitioner was mentally incompetent in any respect. The testimony adduced at that evidentiary hearing clearly shows that petitioner has been competent to participate in all criminal and civil proceedings from the time of his arrest on the forcible rape charges, and prior thereto.

■ Upon review of the testimony of the petitioner and the records presented to this Court, it is concluded that the petitioner was competent to understand, on a rational and factual level, the nature of the proceedings against him, and to assist his counsel. Wheeler v. United States, 404 F.2d 252 (8th Cir. 1968); United States ex rel. Phelan v. Brierley, 312 F.Supp. 350 (E.D.Pa. 1970). The trial court found that petitioner was competent to stand trial and the Missouri Supreme Court has twice found that holding not to be clearly erroneous. *See,* Johnson v. Missouri, 458 S.W.2d 713, 715 (Mo.Sup.1970); Missouri v. Johnson, 485 S.W.2d 106, 112 (Mo.Sup.1972). The findings of the trial court as affirmed by the Missouri Supreme Court, on the issue of mental competency, are supported by the evidence and further substantiated by the testimony adduced at the evidentiary hearing held by the undersigned Judge on March 11, 1964. Taylor v. Swenson, 458 F.2d 593 (8th Cir. 1972); Tyler v. Swenson, 427 F.2d 412 (8th Cir. 1970); Brown v. Swenson, 487 F.2d 1236, 1241 (8th Cir. 1973); Russell v. Wyrick, *su-*

10. See footnotes 4 and 9, *supra.*

*pra*; Hodnett v. Slayton, 343 F.Supp. 1142, 1144 (W.D.Va.1972).

■ Petitioner's reliance on his past mental records and the fact that he had previously been admitted to a mental hospital do not establish a case of mental incompetency. The presence of some past degree of mental disorder or illness of a defendant does not prove incompetency to stand trial, nor does the existence of such a condition necessarily mean that a defendant is incompetent to knowingly and voluntarily enter a plea, as well as aid and assist in a criminal defense. Wheeler v. United States, 404 F.2d 252, 254 (8th Cir. 1968); Butler v. United States, 384 F.2d 522 (8th Cir. 1967); Hall v. United States, 410 F.2d 653 (4th Cir. 1969), cert. denied, 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436 (1969); Wolf v. United States, 430 F.2d 443, 445 (10th Cir. 1970). On the record and evidence, petitioner's second ground in support of his petition herein is insufficient to warrant the granting of habeas corpus relief.

In his third ground for relief, petitioner contends that he was denied effective assistance of counsel, specifically relying on (1) counsel's advice that no second appeal was available under state law and (2) counsel's failure to object to the introduction of evidence of prior convictions.

The first portion of this contention need not be considered by this Court for the petitioner has already been granted relief thereon. Petitioner's second conviction was set aside by the Circuit Court of Vernon County to permit resentencing in order that an appeal could be perfected. Petitioner was resentenced, an appeal was taken to the Missouri Supreme Court and petitioner's conviction resulting from the second trial was affirmed on the merits by the Missouri Supreme Court in Missouri v. Johnson, 485 S.W.2d 106 (Mo.Sup.1972). Petitioner's subsequent motion for rehearing or transfer to the Missouri Supreme Court *en banc* was denied on October 9, 1972.

■ The second portion of petitioner's ineffective assistance of counsel contention was raised in petitioner's motion to vacate. The Circuit Court after hearing concluded that petitioner had failed to establish ineffective assistance of counsel up to the return of the verdict. This issue was raised on appeal from the denial of postconviction relief. The Missouri Supreme Court held that the trial court's conclusions on this issue were not clearly erroneous. *See*, Johnson v. Missouri, 458 S.W.2d 713, 715 (Mo.Sup.1970). This same issue was raised on direct appeal following the remand for sentencing. The Missouri Supreme Court concluded that, under the applicable authorities at the time of petitioner's second trial in 1954, sentence of the first jury on the second offender charge was not *res judicata* on that issue. The jury did not make a finding for or against petitioner on that issue. *See*, Missouri v. Chamineak, 343 S.W.2d 153 (Mo.Sup.1961). Further, counsel for petitioner could not be found to have rendered inadequate assistance of counsel for failing to predict subsequent United States Supreme Court decisions affecting this issue. *See*, Missouri v. Johnson, 485 S.W.2d 106, 111 (Mo.Sup. 1972). In any event, petitioner secured a new trial on all issues rendering immaterial the issue of adequate assistance of counsel at the first trial.

■ Under these circumstances, it must be concluded that petitioner did not fail to receive effective assistance of counsel at the second trial because counsel failed to object to the introduction of competent evidence of prior convictions. "It is presumed that court-appointed counsel is competent, and a showing must be made before the presumption can be overcome." Crowe v. South Dakota, 484 F.2d 1359, 1361 (8th Cir. 1973). Petitioner has failed to show this Court that the actions of his attorney constituted " . . . such conscious conduct as to render pretextual the attorney's legal obligation to fairly represent the [petitioner] and circumstances which demonstrate that which

amounts to a lawyer's deliberate abdication of his ethical duty to his client." Brown v. Swenson, 487 F.2d 1236, 1240 (8th Cir. 1973); Robinson v. United States, 448 F.2d 1255 (8th Cir. 1971); Scalf v. Bennett, 408 F.2d 325, 327–328 (8th Cir. 1969); Cardarella v. United States, 375 F.2d 222, 230 (8th Cir. 1967). When a judgment exercised by an attorney turns out to be incorrect or even poorly advised, this fact alone cannot support a claim of ineffective assistance of counsel. Mitchell v. Stephens, 353 F.2d 129, 145 (8th Cir. 1965), cert. denied, 384 U.S. 1019, 86 S. Ct. 1966, 16 L.Ed.2d 1042 (1966); Taylor v. United States, 332 F.2d 918, 922 (8th Cir. 1964); Kilgore v. United States, 323 F.2d 369, 372–373 (8th Cir. 1963), cert. denied, 376 U.S. 922, 84 S. Ct. 681, 11 L.Ed.2d 617 (1964); Stancliff v. Swenson, Civil Action No. 73CV48–W–3 (W.D.Mo. April 30, 1974); Russell v. Wyrick, *supra*. The records, including the transcripts, show adequate assistance of counsel at both trials and on appeal far exceeding the minimum standards above.

In his fourth ground for relief, petitioner asserts that the trial court lacked jurisdiction to try petitioner under the habitual criminal statute, notwithstanding the failure of the jury on his first trial to find for or against petitioner on the question of prior convictions. Further, petitioner asserts that his constitutional rights were violated by virtue of the enhanced sentence upon retrial.

The record presented to this Court reveals that the information under which the petitioner was tried both times charged that he had four prior felony convictions. At the first trial, objection to evidence of two of the convictions was made on the grounds of failure of the record offered to show that the petitioner had been discharged from the sentence in effect at that time. *See,* § 566.280, RSMo (1949), V.A.M.S. When this objection was offered, the prosecutor withdrew the offer of evidence of those two prior convictions. The case was submitted to the jury under a ver-

dict form authorizing a finding that the petitioner had been duly convicted of and discharged on the other two felony convictions charged in the information. The jury made no finding for or against petitioner on the habitual criminal charge. The sentence in the first trial was imposed by the jury without reliance on the habitual criminal act.

At the second trial, the record of discharge from the two sentences not received in evidence at the first trial had been obtained, and the records of all four prior convictions were received in evidence and the jury found as a fact those four prior convictions.

In this present action, petitioner apparently contends that the trial court had no jurisdiction to try him a second time under the habitual criminal statute because the failure of the jury to find for or against petitioner on that issue in the first trial amounted to a finding that the petitioner was not a second offender, thereby precluding his subsequent trial as a second offender. There is no authority to support this contention.

This contention, in order to rise to a level of federal constitutional dimensions and to be considered by this Court, must be viewed as constituting an allegation of a violation of the Fifth Amendment to the Constitution of the United States and the Double Jeopardy Clause. However, the habitual criminal statute at issue in the case at bar ". . . goes only to the punishment, not the guilt or innocence of an accused of the offense on trial. . . ." Missouri v. O'Brien, 252 S.W.2d 357, 360 (Mo.Sup.1952); Missouri v. Johnson, 485 S.W.2d 106, 112 (Mo.Sup.1972). In Price v. Georgia, 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300, 305 (1970), the Supreme Court of the United States expressly noted that the ". . . Double Jeopardy Clause of the Fifth Amendment is written in terms of potential or risk of trial and conviction, *not punishment*." (Emphasis added.) The Supreme Court further

stated in the *Price* case that "[t]he Double Jeopardy Clause, as we have noted, is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict." Price v. Georgia, 398 U.S. 323, 331, 90 S.Ct. 1757, 1762, 26 L.Ed.2d 300, 306 (1970). Thus, the Double Jeopardy Clause is not applicable to the first portion of petitioner's fourth ground for relief.

■ Whatever may be the merits of petitioner's claim that the failure of the first jury to find for or against petitioner on his prior convictions barred submission thereof in his second trial, petitioner states no claim for relief. Under the second offender statute, if the jury found that the petitioner had been convicted, imprisoned and discharged for *any one* of the four prior convictions, the statute was applicable. The failure of the jury to find for or against petitioner on the two prior convictions received in evidence in the first trial would not, in any event, preclude the submission of the other two prior convictions at the second trial, either one of which was " . . . more than sufficient to call for application of the enhanced penalty." Gerberding v. Swenson, 435 F.2d 368, 371 (8th Cir. 1970), cert. denied, 403 U.S. 906, 91 S.Ct. 2211, 29 L.Ed.2d 682 (1971). In addition, the use of the two prior felony convictions withdrawn at the first trial and resubmitted along with the two other prior felony convictions at the second trial would appear to involve, under state and federal jurisprudence, application of the "harmless error" rule in light of the fact that the jury failed to impose the penalty of life imprisonment called for by the finding of prior convictions. Gerberding v. Swenson, *supra*; *see also*, Gilday v. Scafati, 428 F.2d 1027 (1st Cir. 1970), cert. denied, 400 U.S. 926, 91 S.Ct. 188, 27 L.Ed.2d 186 (1970); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

■ Petitioner's related contention that his constitutional rights were violated by virtue of the enhanced sentence upon retrial is equally without merit. This identical claim was previously presented to this Court by the petitioner in the case of Johnson v. Swenson, 381 F.Supp. 741, Civil Action No. 20627-3 (W.D.Mo.1973). In adjudicating the petitioner's prior petition for habeas corpus in this Court, it was determined that the identical claim (enhanced punishment) which is made in the petition at bar was without merit. This issue is now the law of this case. Petitioner now makes no allegation of newly discovered evidence which, in any instance, must first be presented to the state courts under the rule of White v. Swenson, 261 F.Supp. 42 (W.D.Mo. en banc 1966) and Cobb v. Wyrick, 379 F.Supp. 1287 (W.D.Mo.1974), nor of other exceptional circumstances which would require this Court not to give conclusive weight on this issue to the findings on petitioner's prior petition involving the same issue. A photocopy of the final judgment in Johnson v. Swenson, 381 F. Supp. 741, Civil Action No. 20627-3 (W. D.Mo.1973) is attached.

■ In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Supreme Court of the United States held that a determination in a habeas corpus case might be of conclusive weight on a subsequent petition for habeas corpus if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. These three requirements are met in the case at bar with respect to the claim which petitioner raised in the prior petition in this Court. The denial of petitioner's prior petition should be given controlling weight in this case. *See*, Wilwording v. Swenson, 326 F.Supp. 1145, 1148 (W.D. Mo.1970), affirmed, 446 F.2d 553 (8th

Cir. 1971). "The ability to focus judicial attention upon the pressing and legitimate claims of *all* litigants requires that, at some point, there be an end to the litigation of *each* claim or ground for relief." Wilwording v. Swenson, 446 F.2d 553, 554 (8th Cir. 1971). (Emphasis in original.) This claim does not constitute a basis for habeas corpus relief in the case at bar.

It should further be noted that recent decisions by the Supreme Court of the United States dispose of petitioner's assertion that enhanced punishment upon retrial constitutes a threat or penalty for the exercise of the right of appellate review. In Michigan v. Payne, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973), the Supreme Court held that the due process holding of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) was nonretroactive, and did not apply to resentencing proceedings antedating the date of that decision, June 23, 1969. Furthermore, in Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), the Supreme Court held that the due process requirements under the *Pearce* decision did not apply when a jury on retrial assesses punishment. These same conclusions, consistent with federal standards, were also reached by the Missouri Supreme Court on petitioner's direct appeal from his second conviction. *See,* Missouri v. Johnson, 485 S.W.2d 106 (Mo.Sup.1972).

Petitioner's fifth ground for relief has not been exhausted and therefore it will be dismissed without prejudice, as previously noted in this opinion.

In his sixth ground for relief, petitioner claims that the prosecutor's remarks during closing argument at the second trial constituted a denial of due process. This contention is without merit.

The petitioner's first conviction was reversed for prejudicial error as a result of remarks made during the closing argument which effectively disparaged his defense of mental irresponsibility and advised the jury that the petitioner would soon be released from a mental hospital and commit another rape if they found him not guilty. *See,* Missouri v. Johnson, 267 S.W.2d 642 (Mo. Sup.1954); Missouri v. Johnson, 485 S. W.2d 106, 114 (Mo.Sup.1972).

In the closing arguments during the second trial, the prosecutor, in response to the remarks of defense counsel, stated: "Would that be the end of it if you put him away in an insane asylum—no, sir." Missouri v. Johnson, 485 S.W.2d 106, 114 (Mo.Sup.1972). Upon objection by defense counsel, the prosecutor explained that he was answering the statement of defense counsel that " . . . that would be the end of the case." Missouri v. Johnson, *supra.*

Petitioner challenged the propriety of these closing remarks by the prosecutor on his second direct appeal. The Missouri Supreme Court ruled adversely to petitioner, concluding that the closing argument at the second trial was not the same as that in the first trial, and was a justified retort to prior argument of defense counsel. The Missouri Supreme Court noted that the "language of defense counsel's argument opens the door to the retaliatory argument" of the prosecutor and "[t]he prosecutor stopped far short of the argument he made at the first trial and did not go beyond the bounds of proper retaliation." Missouri v. Johnson, 485 S.W.2d 106, 115 (Mo. Sup.1972). No federal standard was violated by this ruling.

In considering petitioner's claim that he was prejudiced as a result of the closing remarks made by the prosecutor, this Court must be guided by the principle that "[t]he trial court has broad discretion to control closing arguments, and absent a clear showing of abuse, its discretion will not be overturned." United States v. Pruitt, 487 F.2d 1241, 1246 (8th Cir. 1973); Bryant v. United States, 462 F.2d 433, 436 (8th Cir. 1972); United States v. Turchick, 451 F.2d 333, 339 (8th Cir. 1971). The determinative question is " . . .

whether the argument complained of was so offensive as to deprive the defendant of a fair trial." United States v. Matousek, 483 F.2d 286, 288 (8th Cir. 1973); Isaacs v. United States, 301 F.2d 706, 736 (8th Cir. 1962). Any alleged errors must be of such magnitude as to affect the "substantial rights" of a complainant. United States v. Phillips, 482 F.2d 191, 196 (8th Cir. 1973); Homan v. United States, 279 F.2d 767, 775 (8th Cir. 1960), cert. denied, 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960). Furthermore, in reviewing any alleged prejudicial closing remarks made by a prosecutor, the effect of the alleged error " . . . must be gauged in the context of the entire trial, and not in isolation." United States v. Phillips, 482 F.2d 191, 196 (8th Cir. 1973).

 A careful review of all of the prosecutor's closing remarks, in conjunction with a review of the fairness of the entire second trial, does not warrant a conclusion that the final argument or any particular comment made therein by the prosecutor, was so prejudicial or offensive, or affected the substantial rights of the petitioner so as to clearly deprive the petitioner of a fair trial. United States v. Phillips, *supra*; United States v. Matousek, *supra*; United States v. Lawson, 483 F.2d 535 (8th Cir. 1973); United States v. Archer, 450 F.2d 1106, 1108 (8th Cir. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1329, 31 L.Ed.2d 586 (1972); United States v. Lewis, 423 F.2d 457 (8th Cir. 1970); United States v. Jarboe, 374 F.Supp. 310, 317 (W.D.Mo.1974) and cases cited therein. This conclusion is made evident upon review of the fairness of the entire trial, the constant interruptions caused by the petitioner, and the remarks of defense counsel which elicited a response from the prosecutor in the prosecutor's closing argument. Although a prosecutor " . . . may not subject a defendant to an unfair trial, he cannot, like the court, be expected to cease entirely being an advocate." United States v. Phillips, 482 F.2d 191, 196 (8th Cir. 1973); Homan v. United States, 279 F.2d 767, 775 (8th Cir. 1960), cert. denied, 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960). While some of the remarks made by the prosecutor may be questionable in the absence of provocation, it cannot be concluded that the petitioner was thereby denied a fair trial. United States v. Pruitt, 487 F.2d 1241, 1246 (8th Cir. 1973). Nor can it be stated that these remarks were "improper methods calculated to produce a wrongful conviction. . . ." Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935); *see also,* United States v. Matousek, 483 F.2d 286, 288 (8th Cir. 1973); Isaacs v. United States, 301 F.2d 706, 737 (8th Cir. 1972).

 It should be noted in addition that, although a cautionary instruction to the jury with respect to some of the prosecutor's closing remarks might have been appropriate, United States v. Cady, 495 F.2d 742, 748–749 (8th Cir. 1974), a trial judge " . . . is under no duty to admonish the jury to disregard closing remarks of the prosecutor in the absence of anything offensive or prejudicial." United States v. Lawson, 483 F.2d 535, 539 (8th Cir. 1973); United States v. White, 456 F.2d 1021, 1022 (8th Cir. 1972). Moreover, it is to be noted that although petitioner's counsel moved that "the jury be discharged," defense counsel " . . . failed to request the court to admonish the jury to disregard the statement or take any other corrective action." United States v. Phillips, 482 F.2d 191, 196 (8th Cir. 1973). The prosecutor did not inject evidence not in the case, nor did he engage in any of the other acts of misconduct which have been held to constitute reversible error. *See, e. g.,* Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); United States v. Achtenberg, 459 F.2d 91, 98–99 (8th Cir. 1972), cert. denied, 409 U.S. 932, 93 S.Ct. 229, 34 L.Ed.2d 187 (1972). Viewing the record as a whole, United States v. Cady, 495 F.2d 742, 749 (8th Cir. 1974), it must be concluded that the remarks of the prosecutor did not substan-

tially prejudice the rights of the petitioner, or otherwise deny him a fair trial when considered in the light of prior argument of defendant's counsel to which he was replying.

The seventh ground for relief may be generally stated as encompassing various minor alleged trial irregularities. The effect of these events or actions as enumerated by the petitioner did not, either individually or cumulatively result in any violation of petitioner's constitutional or federal statutory rights, or otherwise entitle the petitioner to habeas corpus relief under federal standards.

Petitioner contends that the trial court improperly allowed him to become "carried away" in the process of examining witnesses, and that the court improperly insisted that he speak up. In both respects, the petitioner contends not only that he was embarrassed before the jury, but also that the trial court condoned such behavior with the studied purpose of securing such a result, and to compel the petitioner to voice matters before the jury that were highly prejudicial.

These conclusory allegations were presented on direct appeal. The Missouri Supreme Court noted that no request was made to the trial court that these matters be considered outside the presence of the jury. Furthermore, the Missouri Supreme Court held that the trial court's failure to require *sua sponte* that the matters be heard outside the presence of the jury was not error. *See,* Missouri v. Johnson, 485 S.W.2d 106, 115 (Mo.Sup.1972).

Reviewing the record presented to this Court, it must be concluded that these contentions do not rise to a level of constitutional or federal statutory dimensions, nor do they amount to a denial of a fair trial. Durham v. Haynes, 368 F.2d 989 (8th Cir. 1966), cert. denied, 390 U.S. 959, 88 S.Ct. 1054, 19 L. Ed.2d 1154 (1968); Scalf v. Bennett, 408 F.2d 325 (8th Cir. 1969); Purkhiser v. Wainwright, 338 F.Supp. 369 (S. D.Fla.1971), affirmed, 455 F.2d 506 (5th Cir. 1972). No degree of prejudice as a result of the alleged trial irregularities has been stated or shown by the petitioner to warrant the granting of habeas corpus relief. Walker v. Bishop, 408 F.2d 1378 (8th Cir. 1969); Purkhiser v. Wainwright, *supra*; Hackworth v. Beto, 434 F.2d 852 (5th Cir. 1970); McCormick v. Swenson, 328 F.Supp. 646 (E.D.Mo.1971); Scalf v. Bennett, *supra*.

Petitioner further contends that the trial court erred in permitting other witnesses (rape victims) to testify that the petitioner raped them, rather than limiting their testimony to those events relating to the victim named in the information. This issue was raised on direct appeal and the Missouri Supreme Court rejected this contention, noting that the testimony was so interrelated with the assault charged that any objection thereto would not have precluded its admissibility. The record fails to establish, nor has petitioner shown, that any trial error warranting the granting of habeas corpus relief was committed. Taylor v. Minnesota, 466 F.2d 1119 (8th Cir. 1972), cert. denied, 410 U.S. 956, 93 S.Ct. 1425, 35 L.Ed.2d 689 (1973); Evans v. Swenson, 332 F.Supp. 360 (E.D. Mo.1971), affirmed, 455 F.2d 291 (8th Cir. 1972), cert. denied, 408 U.S. 929, 92 S.Ct. 2508, 33 L.Ed.2d 342 (1972); United States ex rel. Durso v. Pate, 426 F.2d 1083 (7th Cir. 1970), cert. denied, 400 U.S. 995, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971).

Petitioner additionally asserts that the instruction submitted to the jury defining the defense of insanity was confusing. This contention was raised on direct appeal. The Missouri Supreme Court concluded that the second clause of the instruction in question simply restated in different words the appropriate Missouri test, namely whether the petitioner knew right from wrong. *See,* Missouri v. Johnson, 485 S.W.2d 106, 113 (Mo.Sup.1972).

Absent a clear showing of error of federal constitutional dimensions or fundamental unfairness in the trial, ha-

beas corpus will not be granted on a claim that an improper instruction has been given. Young v. Alabama, 443 F. 2d 854 (5th Cir. 1971), cert. denied, 405 U.S. 976, 92 S.Ct. 1202, 31 L.Ed.2d 251 (1972); Shepherd v. Nelson, 432 F.2d 1045 (9th Cir. 1970); Pleas v. Wainwright, 441 F.2d 56 (5th Cir. 1971); Higgins v. Wainwright, 424 F.2d 177 (5th Cir. 1970), cert. denied, 400 U.S. 905, 91 S.Ct. 145, 27 L.Ed.2d 142 (1970), reh. denied, 400 U.S. 1002, 91 S.Ct. 463, 27 L.Ed.2d 455 (1971); Cobb v. Wyrick, 379 F.Supp. 1287 (W.D.Mo.1974).

 The contention that the insanity instruction was erroneous is without merit. The instruction submitted to the jury was sufficiently clear to adequately apprise the jury of the appropriate defense of insanity under state law.

Petitioner generally contends that the verdict was precipitated by bias and prejudice. No specific events or actions are alluded to in support of this conclusory contention. Any allegations coming under this general contention have previously been considered by this Court in this opinion.

In his final ground for relief, petitioner contends that the denial of his right to appeal the second conviction for over seventeen years constitutes a denial of due process and entitles him to habeas corpus relief.[11]

 Although petitioner was denied the right to appeal his second conviction for over seventeen years, petitioner's conviction was ultimately set aside and the case was remanded for sentencing proceedings, following which the petitioner was permitted to file a motion for a new trial and perfect a direct appeal to the Missouri Supreme Court. Petitioner ultimately filed a motion for a new trial challenging the second conviction. This motion was denied by the trial court, and on May 26, 1971, the trial court imposed a new sentence of forty years imprisonment based on the second conviction and second sentence by a jury. Petitioner subsequently perfected a direct appeal to the Missouri Supreme Court. On September 11, 1972, the Missouri Supreme Court affirmed the decision of the trial court in Missouri v. Johnson, 485 S.W.2d 106 (Mo. Sup.1972). Petitioner thereafter moved for rehearing or transfer to the Missouri Supreme Court en banc, which was denied on October 9, 1972.

Petitioner has been permitted, albeit belatedly, to perfect a direct appeal of his second conviction to the Missouri Supreme Court. Under these circumstances, the relief petitioner seeks herein has been granted, and there has been no showing that the delay in permitting an appeal constituted a denial of due process, or otherwise resulted in sufficient prejudice to warrant the granting of habeas corpus relief herein. Way v. Crouse, 421 F.2d 145 (10th Cir. 1970); Smith v. Kansas, 356 F.2d 654 (10th Cir. 1966); Joyce v. Cox, 315 F.Supp. 832 (W.D.Va.1970); Grant v. Swenson, 313 F.Supp. 1117 (E.D.Mo.1970); Via v. Peyton, 306 F.Supp. 1153 (W.D.Va. 1969); United States ex rel. Laughlin v. Russell, 282 F.Supp. 106 (E.D.Pa. 1967); Thacker v. Peyton, 264 F.Supp. 997 (W.D.Va.1967); Johnson v. Brierley, 301 F.Supp. 1002 (W.D.Pa.1969); affirmed, 424 F.2d 552 (3rd Cir. 1970).

For all of the foregoing reasons, it is therefore

Ordered and adjudged that the petition herein for a writ of habeas corpus with respect to petitioner's contention, set forth as ground five, that the four prior felony convictions, two of which were presented but not determined for or against the petitioner at the first trial and all four of which were presented, considered and determined against the petitioner at the second trial, were illegally secured and that these allegedly

---

11. No prejudice resulted because the second appeal was without merit. Nevertheless, the petitioner was shown to have funds to employ counsel and was not without fault in delaying the appeal, as shown by the evidence in the prior petition in Johnson v. Swenson, 381 F.Supp. 741, Civil Action No. 20627–3 (W.D.Mo.1973).

invalid prior convictions were unconstitutionally used to enhance the sentence imposed following the second trial, be, and it is hereby, dismissed without prejudice. It is further

Ordered and adjudged that the petition herein for a writ of habeas corpus with respect to petitioner's remaining exhausted grounds and contentions be, and it is hereby, denied.