STATE of Missouri, Respondent,

v.

Bertrand J. HOLBERT, Appellant.

No. 52100.

Supreme Court of Missouri,
Division No. 2.

Feb. 12, 1968.

Norman H. Anderson, Atty. Gen., Deann Duff, Asst. Atty. Gen., Jefferson City, for respondent.

John D. Flynn, St. Louis, for appellant.

DONNELLY, Judge.

Defendant, Bertrand J. Holbert, was convicted of attempting to bribe an officer under § 558.080, RSMo 1959, V.A.M.S., by a jury in the Circuit Court of the City of St. Louis, Missouri, and his punishment was assessed at imprisonment for five years. Defendant was represented by an employed attorney.

The jury returned its verdict on February 3, 1966. On February 7, 1966, defendant was granted thirty additional days within which to file a motion for new trial. No motion for new trial was filed. On March 21, 1966, defendant appeared, in person and with his employed attorney, was granted allocution, and was sentenced. On said date he filed a notice of appeal and paid a $10 docket fee. On May 24, 1966, defendant filed an appeal bond. On October 26, 1966, he was placed in the custody of the sheriff and the surety was released from the bond.

On March 3, 1967, defendant advised the trial court by letter that his employed attorney had been disbarred, and he then, for the first time, claimed to be an indigent. His present attorney was then appointed by the trial court to represent defendant on appeal. On March 16, 1967, this Court extended the time for filing tran-

script to May 22, 1967. On April 3, 1967, defendant filed his forma pauperis affidavit in the trial court and requested a free copy of a complete transcript of the trial proceedings in order to prosecute his appeal to this Court. On May 12, 1967, this motion was "sustained only to extent that reporter will prepare a transcript of the record proper."

■ Defendant properly concedes that because he filed no motion for new trial we are precluded from the consideration of any matters required to be preserved in a motion for new trial. Supreme Court Rule 27.20 (a), V.A.M.R.; State v. Cook, Mo.Sup., 327 S.W.2d 854. However, defendant contends that he is entitled to a full review by this Court of the entire record under S.Ct. Rule 27.20 (c), V.A.M.R. (see State v. Meiers, Mo.Sup., 412 S.W.2d 478, 480, and State v. Beasley, Mo.Sup., 404 S.W.2d 689, 690), and that such review is denied him unless he is furnished a free and complete transcript of the trial proceedings.

■ We recognize that once Missouri " 'chooses to establish appellate review in criminal cases, it may not foreclose indigents from access to any phase of that procedure because of their poverty.' " Entsminger v. State of Iowa, 386 U.S. 748, 751, 87 S.Ct. 1402, 1404, 18 L.Ed.2d 501. However, we do not believe the State is required to furnish defendant a free transcript on appeal in this case.

■ Defendant was represented by employed counsel during trial, at allocution and sentencing, and upon the filing of his notice of appeal on March 21, 1966. He paid a $10 docket fee and did not then claim to be an indigent. Under our rules, he should have filed the transcript on appeal within 90 days from March 21, 1966. Supreme Court Rules 28.08 and 82.18, V.A.M.R. There is nothing in the record to indicate that he was an indigent during that period of time. On May 24, 1966, he filed an appeal bond, a further indication he was not then an indigent. On March 3, 1967, nearly one year after filing his notice of appeal, defendant first claimed to be an indigent. Defendant could, and should, have filed the transcript while financially able. Under these circumstances, he is not entitled to a free transcript of the trial proceedings in this case.

Defendant concedes the sufficiency of the indictment, verdict, judgment and sentence. Supreme Court Rule 28.02, V.A.M.R.

The judgment is affirmed.

All of the Judges concur.