Bertrand J. HOLBERT, Appellant,

v.

STATE of Missouri, Respondent.

No. 53947.

Supreme Court of Missouri,

Division No. 2.

March 10, 1969.

See also Mo., 423 S.W.2d 681.

William P. Carleton, St. Louis, for movant appellant.

John C. Danforth, Atty. Gen., Louren R. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Bertrand J. Holbert has appealed from the order of the Circuit Court of the City of St. Louis denying his motion filed pursuant to Supreme Court Rule 27.26, V.A. M.R., without an evidentiary hearing. We reverse and remand.

Appellant was convicted by a jury on February 3, 1966, of attempting to bribe an officer in violation of § 558.080, RSMo 1959, V.A.M.S., and his punishment was assessed at imprisonment for five years. At the trial defendant was represented by an employed attorney. On February 7, 1966, defendant was granted thirty additional days within which to file a motion for new trial, but no motion was filed. On March 21, 1966, defendant appeared in court with his employed attorney, was granted allocution, and was then sentenced. On that date defendant filed a notice of appeal and paid the docket fee of $10. He later advised the trial court by letter that his employed attorney had been disbarred, and an attorney was appointed to represent him on appeal. This court extended the time for filing the transcript, and defendant filed a forma pauperis affidavit in the trial court on April 3, 1967, and requested a free copy of a complete transcript in order to prosecute his appeal to this court. The request was sustained only to the extent that he be furnished "a transcript of the record proper." This court held that under the circumstances defendant was not entitled to have the State furnish him a complete transcript of the trial proceed-

ings. The judgment was affirmed on the basis that defendant "concedes the sufficiency of the indictment, verdict, judgment and sentence." State v. Holbert, Mo., 423 S.W.2d 681. As to other appeals in criminal cases involving defendant, see State v. Holbert, Mo.App., 399 S.W.2d 142; State v. Holbert, Mo., 416 S.W.2d 129; and State v. Holbert, Mo., 420 S.W.2d 351.

In paragraph 8 of his motion under Rule 27.26 appellant alleges as grounds for vacating his conviction numerous matters, some of which on their face are totally without merit, either because they do not have any relevancy to the validity of his conviction or because, if seemingly meritorious on their face, they pertain to trial errors correctable only on appeal. However, in two of the allegations defendant alleges that his employed counsel was "incompetent, deceitful and derelict," and that he deliberately failed to file motion for new trial. In paragraph 9 of the motion, instead of concisely stating the facts in support of the facts alleged in paragraph 8, defendant referred by number to various paragraphs in a long rambling "statement" which he attached to the motion. However, the substance of the alleged facts set forth therein as to incompetency of his counsel is that his attorney told him that a motion for new trial would be filed, and later told him that the trial judge had overruled the motion, but in fact no motion for new trial was ever filed, and as a result of this deceitful action he was deprived of an appeal on the merits. He further states that he did not learn that a motion for new trial was not filed until March 4, 1967, almost a year after the sentence and judgment had been entered, when he was so informed in a letter from the trial judge.

The trial judge did not enter the "findings of fact and conclusions of law on all issues presented, whether or not a hearing is held" as contemplated by Rule 27.26(i), V.A.M.R. Instead, he made a general narrative statement or discussion of the issues which included the following:

"Whenever a defendant exercises his right to have an attorney of his own choosing, he cannot later say that the State or the Courts are to blame for incompetence or dereliction of duty.

"It was the fault of no one but movant's own agent [his attorney] that no motion for a new trial was filed, and a judgment of conviction cannot be set aside for such failure."

■ We agree that the *conviction* should not be *set aside* for that reason, but we are not of the opinion that this disposes of all issues. In determining the issue presented we are necessarily ruling on whether defendant's federally protected constitutional right to effective counsel has been infringed, and in so determining that issue we are bound by the standards enunciated by the federal courts.

■ An accused is bound by his counsel's decisions as to trial strategy, United States v. Bertone, 3d Cir., 249 F.2d 156, and he can complain of the acts of employed counsel only if they resulted in making the trial proceedings a farce and mockery. Lotz v. Sacks, 6 Cir., 292 F.2d 657; O'Malley v. United States, 6 Cir., 285 F.2d 733. However, it was said in Porter v. United States, 5 Cir., 298 F.2d 461, 463, that "the Constitution assures a defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed." See also Randazzo v. United States, 5 Cir., 339 F.2d 79, 81. In Alexander v. United States, 5 Cir., 290 F.2d 252, it was stated that "the complaint of a convicted prisoner that he was not properly represented by counsel of his own choice can only be sustained where the attorney's conduct amounts to a breach of a legal duty." See also Kennedy v. United States, 5 Cir., 259 F.2d 883, certiorari de-

nied 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982, where it was held that "Ordinarily, unless a convicted prisoner on habeas corpus or Section 2255 [the federal equivalent of Rule 27.26] petition alleges and proves misconduct of his counsel amounting to a breach of his legal duty faithfully to represent his client's interests, the defendant in a criminal case is bound by the acts of his counsel." These cases clearly imply that *willful* (but not necessarily negligent) misconduct by an employed attorney without defendant's knowledge which amounts to a breach of the legal duty of an attorney to his client, can in some circumstances constitute an infringement of an accused's federally protected right to effective representation by counsel in a criminal proceeding.

Whether the facts alleged can be proved, and if proved, whether in view of all the surrounding circumstances which may be developed, defendant's federally protected right of effective representation by counsel has been violated can be determined only after an evidentiary hearing. In the event the finding and conclusion of the trial judge should be that by willful and deceitful failure of defendant's employed attorney to file a motion for new trial a federally protected right was infringed, the remedy would not be to set aside the "conviction" of defendant, but to set aside the allocution, sentence and judgment so that a motion for new trial could be filed and a meaningful appeal perfected. See for example, Williams v. United States, 8 Cir., 402 F.2d 548.

We note that defendant filed his pending motion pro se, and that counsel was subsequently appointed who declined to amend the motion as worded by defendant and which contained some matters totally lacking in merit. In the spirit of the amended Rule 27.26, V.A.M.R., counsel should attempt to present to the trial court the issues deemed meritorious "in an orderly lawyerlike manner," and in the manner contemplated by the rule. Rush v. State of Missouri, Mo., 439 S.W.2d 504. When the issues are so presented the trial court is then better able to rule the precise issues and make its findings of fact and conclusions of law as to each issue.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.