**STATE of Missouri, Respondent,**

v.

**Linell Harrison JONES, Appellant.**

No. 54032.

Supreme Court of Missouri,
Division No. 2.

Oct. 13, 1969.

Motion for Rehearing or to Transfer to Court En Banc Denied Nov. 14, 1969.

———◆———

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Louis Gilden, Warren W. Friedman, St. Louis, for appellant.

DONNELLY, Presiding Judge.

Defendant, Linell Harrison Jones, was convicted by a jury in the Circuit Court of the City of St. Louis, Missouri, of robbery in the first degree by means of a dangerous and deadly weapon. He was represented at trial by counsel of his own choosing. No motion for new trial was filed. Punishment under the provisions of the Habitual Criminal Act, § 556.280, RSMo 1959, V. A.M.S. (as amended Laws 1959, S.B. 117),

was assessed at imprisonment for a term of ten years. No notice of appeal was filed.

On July 20, 1967, defendant filed in the Circuit Court of the City of St. Louis his Motion to Vacate Judgment under S.Ct. Rule 27.26, V.A.M.R. His present counsel was then appointed to represent him and an evidentiary hearing was held, with appellant present, on December 18, 1967. The Motion to Vacate Judgment was denied in part and sustained in part. Defendant appealed.

The case involves the robbery of a grocery store operated by Nathan Sirota in the City of St. Louis on April 27, 1965. Defendant was identified as the robber at the police station and at trial by Sirota, by Robert Davidson, Sirota's young employee, and by Michael Curtis Alligood, a customer who entered the store as the robber left the store.

Defendant first alleges that the conduct of the identification confrontations at the police station on April 28, 1965, resulted in a violation of his constitutional rights. He asserts that such confrontations were "so unnecessarily suggestive and conducive to irreparable mistaken identification that appellant thereby was denied due process of law * * *."

These confrontations were conducted prior to June 12, 1967, and the requirement of counsel announced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, does not apply. Therefore, the test is whether, "judged by the 'totality of the circumstances,' the conduct of identification procedures may be 'so unnecessarily suggestive and conducive to irreparable mistaken identification' as to be a denial of due process of law." Foster v. California, 394 U.S. 440, 442, 89 S.Ct. 1127, 1128, 22 L.Ed.2d 402; Stovall v. Denno, 388 U.S. 293, 87 S. Ct. 1967, 18 L.Ed.2d 1199.

The trial court, after hearing the evidence on December 18, 1967, and after reviewing the original transcript of the trial, entered, in part, the following findings of fact and conclusions of law:

" 'The defendant Jones was represented at the trial of the case by a lawyer of his own choosing—Mr. Hugh White. The circumstances of the line-up or shadow box procedure [were] thoroughly gone into on cross-examination, and while isolated statements in the rather lengthy cross-examination may well be quoted to lead one to believe that the pretrial identification was dictated by the confrontation, yet a reading of the transcript as a whole seems to the Court to lead to no other conclusion than that the handling by the police of the confrontation did not dictate the in-court identification. It does not appear to the Court that the in-court identification was the fruit of the pretrial identification, but, on the contrary, it appears that the identifications were based upon observations of the suspect other than the line-up identification.

" 'While the confrontation conducted in this case was not a model of proper police procedure by any means, yet considering the totality of all the circumstances, the Court finds that the confrontation was not so unnecessarily suggestive "and conducive to irreparable mistaken identification" so that he was denied due process. * * *' "

The trial court thus found that the in-court identifications of defendant had a source independent of the police station confrontations (United States v. Wade, supra; Gilbert v. California, supra), and that the totality of the circumstances surrounding the confrontations at the police station do not dictate a finding of denial of due process. (Stovall v. Denno, supra.) "In the determination of these fact issues the trial court is necessarily clothed with that discretion exercised by a trial court when acting as the trier of facts, and on appeal the review is limited to a 'determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous.' Rule 27.26(j)." State v. Mountjoy,

Mo.Sup., 420 S.W.2d 316, 323; Crosswhite v. State, Mo.Sup., 426 S.W.2d 67, 70, 71. We have reviewed the transcripts of the original trial and of the evidentiary hearing held December 18, 1967. There is evidence to show that the identification witnesses had ample opportunity to observe defendant at the scene of the robbery. The findings and conclusions of the trial court on this issue are not clearly erroneous and we affirm them.

■ Defendant next alleges that he was denied effective assistance of counsel in that his trial attorney, although paid to do so, negligently and willfully failed to file a motion for new trial and failed to file an appeal on defendant's behalf.

The trial court heard evidence on this allegation on December 18, 1967, and entered the following findings of fact and conclusions of law:

" 'The Court finds that the defendant paid his attorney, Mr. Hugh White, a fee to appeal the case; that the said attorney failed to file a motion for a new trial on behalf of the defendant or take an appeal on behalf of the defendant. Mr. White failed to render any additional services beyond the trial of the case, although defendant relied upon him to do so. The Court finds that the failure and negligence of counsel should not deprive the defendant of an appeal, and for these reasons he should be granted the opportunity to appeal said conviction.' "

We have reviewed the evidence and have concluded that the action of the trial court in this regard cannot be said to be clearly erroneous. Cf. State v. Frey, Mo.Sup., 441 S.W.2d 11. Accordingly, we affirm the order and judgment of the trial court and remand the cause with directions to vacate and set aside the sentence imposed upon Linell Harrison Jones on December 21, 1965, to permit defendant to file a motion for new trial under the provisions of S.Ct. Rule 27.20(a), V.A.M.R., and for further proceedings consistent with this opinion.

Cf. Holbert v. State, Mo.Sup., 439 S.W.2d 507; Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340.

The judgment is affirmed and the cause remanded.

All of the Judges concur.