James Burl JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 55140.

Supreme Court of Missouri,
Division No. 1.

Sept. 14, 1970.

Motion for Rehearing or to Transfer to Court
En Banc Denied Oct. 12, 1970.

———◆———

Keith Brown, court appointed, Russell &
Brown, Nevada, for appellant.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

Appellant, prisoner-petitioner, appeals from a judgment on petitioner's motion under amended rule 27.26, V.A.M.R., wherein appellant's prayer that judgment and sentence entered in 1954 be vacated and set aside was granted, but the further relief of absolute discharge or, in the alternative, a new trial, was denied. The trial court after setting aside the 1954 judgment and sentence ordered that appellant be returned to the trial court for further proceedings in which appellant would be allowed to file a motion for new trial as to the 1954 conviction and, if overruled, a new sentence and judgment would be imposed and appellant could take an appeal. The state concedes that appellant has been unconstitutionally deprived of his right to appeal and is entitled to take an appeal and agrees with the order and judgment of the trial court. The relief appellant seeks here is an absolute discharge or a new trial on the 1954 charge of rape, and with this the state disagrees at this stage of the proceedings.

In view of the state's concession that defendant has been unconstitutionally denied his right of appeal, and that the order of the trial court setting aside the judgment and sentence to allow appellant to file a motion for new trial and, if necessary, appeal, was proper, there is no need for a lengthy statement of facts. Briefly the following occurred.

In 1953 appellant was charged with prior convictions of four felonies and rape under the then existing Habitual Criminal Act, § 556.280, RSMo 1949, V.A.M.S. Upon trial he was convicted of rape as charged. The jury assessed punishment at 30 years but made no findings on the prior offenses. This court reversed and remanded the case for new trial for error in an instruction and prejudicial argument. State v. Johnson, Mo., 267 S.W.2d 642, 44 A.L.R.2d 973.

On November 18, 1954, appellant was again tried on the charge of rape under the same Habitual Criminal Act, found guilty of the prior convictions and rape as charged, and punishment was assessed at 40 years by the jury. In so doing the jury ignored the mandatory sentencing requirements of § 556.280, RSMo 1949. On November 19, 1954, the next day, the trial court entered judgment and sentence on the jury's verdict and appellant was immediately taken to the state penitentiary at Jefferson City. On the following day, November 20, 1954, appellant, upon arrival at the state penitentiary, wrote a letter to the trial judge and to appellant's retained attorney in which appellant demanded that a motion for new trial be filed and, if necessary, an appeal be taken and repudiated his purported waiver of the right to file a motion for new trial and right of appeal the day before. No motion for new trial was filed, no appeal was taken, and neither appellant's counsel nor the trial court took any further steps with respect to appellant's request.

Appellant claims he is entitled to be discharged asserting that rule 27.26 makes discharge mandatory if the trial court vacates the judgment and sentence. This position is premised on the use of the conjunction "and" in rule 27.26(i), to wit:

"* * * the court shall vacate and set aside the judgment *and* shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." (Emphasis ours.)

█ If the interpretation suggested by appellant were adopted, then the other alternatives of resentencing defendant, granting defendant a new trial and/or correcting the sentence would be meaningless. The relief of "discharge" as it appears in rule 27.26(i) is only one of the alternative methods of relief available to

the trial court. Upon finding that the judgment and sentence must be vacated, the trial court under rule 27.26(i) may fashion a suitable remedy to correct the error. The type of relief afforded by the trial court here has been approved by this court in Holbert v. State, Mo., 439 S.W.2d 507, and State v. Jones, Mo., 446 S.W.2d 796. An order vacating and setting aside judgment and sentence under rule 27.26(i) does not necessarily require the discharge of the prisoner. State v. Frey, Mo., 441 S.W.2d 11, 15. The point is ruled against appellant.

Appellant additionally claims that he should be discharged or granted a new trial for the further reason that the question of appealing his 1954 conviction is res judicata. This assertion is based on the previous denial by this court, without an evidentiary hearing, of appellant's earlier 27.26 motion; application for special order to appeal; and petitions for writs of habeas corpus in which appellant sought to have his sentence and judgment vacated and to be granted the right to appeal his 1954 conviction. Cf. State v. Johnson, Mo., 336 S.W.2d 668. The right to appeal is one of the alternative methods of relief available to the trial court under rule 27.26(i) only after the trial court finds that the judgment complained of must be vacated. In the prior proceedings, appellant's motions were overruled and, therefore, the court never reached the point of selecting the appropriate relief from the alternatives available. Neither the prior denial of appellant's application for special order to appeal and appellant's 27.26 motions nor the prior denial of habeas corpus bars the trial court from granting the relief that it did in this case. A prisoner seeking relief under rule 27.26 cannot restrict the alternatives available to the trial court under rule 27.26 because of prior refusals to set aside judgment and sentence.

Among its findings of fact and conclusions of law, the trial court held that appellant was not denied his constitutional right to effective assistance of counsel up through the return of the jury's verdict and that appellant was mentally competent to stand trial. Upon a review of the record the findings of the trial court cannot be said to be clearly erroneous.

Appellant claims he is entitled to a new trial on the grounds that he should not have been subjected to a retrial under the Habitual Criminal Act after the jury in the first trial did not make any finding in its verdict as to the alleged prior convictions. Appellant asserts his trial counsel should have objected to such a retrial on the grounds of res judicata and double jeopardy. The trial court found against appellant on his contention that he was denied effective assistance of counsel up through the jury verdict in the second trial. As previously stated, on the record before us, the findings of the trial court cannot be said to be clearly erroneous.

The claim of appellant that the constitutional prohibition against double jeopardy requires that a new trial be granted appellant may be made a part of appellant's motion for new trial as to his 1954 conviction, as well as appellant's other points relating to alleged trial errors. In this manner appellant will have the opportunity of presenting all points in his motion for new trial in the appropriate manner to the trial court to the same extent as if said motion had been filed immediately following his 1954 conviction.

We affirm the order and judgment of the trial court and remand the cause with directions to set aside the judgment and sentence imposed on appellant on November 19, 1954, to permit appellant to file a motion for new trial as to his 1954 conviction under the provisions of S.Ct. Rule 27.20, V.A.M.R., and for further proceedings consistent with this opinion.

All concur and HESS, Special Judge, concurs.

**716**

ON APPELLANT'S MOTION FOR RE-
HEARING AND, IN THE ALTER-
NATIVE, TO TRANSFER TO SU-
PREME COURT EN BANC

BARDGETT, Judge.

Appellant's motion seeks a rehearing or transfer on alleged conflict between this opinion and prior cases of State v. Cantrell, Mo., 403 S.W.2d 647; State v. Pedockie, Mo., 391 S.W.2d 255; State v. Crow, Mo., 388 S.W.2d 817; State v. Franklin, Mo., 379 S.W.2d 526; State v. White, Mo., 439 S.W.2d 752; State v. Clark, Mo., 432 S.W.2d 279; and State v. Powell, Mo., 400 S.W.2d 183, all of which held the provisions of Supreme Court Rule 27.20(a) to be mandatory and any motion for new trial not filed within the time limits of Rule 27.20(a) to be a nullity and preserve nothing for review. The opinion in this case permits appellant to file a motion for new trial some sixteen years after verdict.

In order that it will be clear that we are not authorizing any deviation from the provisions of Rule 27.20(a), we deem it advisable to render this supplemental opinion.

■ All of the cases cited by appellant in support of the instant motion are cases involving direct appeals from the judgment of conviction and sentence thereon. The instant case is an appeal from the order and judgment of the trial court on appellant's Rule 27.26 motion wherein the trial court found that appellant's right to appeal his conviction was unconstitutionally infringed by the failure of his attorney to file a motion for new trial and that appellant did not waive his right to file a motion for new trial and take an appeal. Since the unconstitutional deprivation occurred at the motion-for-new-trial stage of the proceedings, the trial court properly reverted to that stage of proceedings and authorized the filing of the motion for new trial. In so doing the trial court acted within its discretion under Supreme Court Rule 27.26, Holbert v. State, supra, 439 S.

W.2d 507; State v. Jones, supra, 446 S.W.2d 796, and there is no conflict between this case and cases cited by appellant.

Appellant's motion for rehearing or transfer to court en banc is overruled.

All concur.