**Dean E. NICHOLSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 58654.**

Supreme Court of Missouri,
En Banc.

April 14, 1975.

Rehearing Denied July 14, 1975.

William E. Stoner, Springfield, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Justice.

This is an appeal from the denial of appellant's motion to vacate sentence and set aside conviction under rule 27.26, V.A.M.R. The court of appeals, Springfield district, affirmed the action of the trial court, al-

though on different grounds, and on appellant's application, we transferred the cause to this court to resolve the question of whether a defendant on probation can proceed under rule 27.26. We will, however, dispose of the entire case the same as on original appeal, Art. V, Sec. 10, Mo.Const. 1945, V.A.M.S.

The facts are not in dispute. On March 9, 1972, in the circuit court of Phelps County, the defendant was found guilty by a jury of making and uttering an insufficient funds check. The jury fixed punishment at two years in the state penitentiary. On that day the defendant through his court-appointed counsel, Mr. Schafer, requested and was granted leave to file a motion for a new trial on or before April 17, 1972.

On March 23, Mr. Schafer filed a petition in the trial court to withdraw as defendant's attorney of record, setting forth as his reason for such request that he was moving his residence from Phelps County. The court granted his request. At that time, no motion for new trial had been filed in defendant's behalf.

On April 17, the time allowed by the court and by rule 27.20(a) for the filing of a motion for new trial expired, and no such motion had been filed in defendant's case. On May 4, 1972, the court entered an order appointing Mr. B. B. Turley as defendant's successor attorney. On May 8, Mr. Turley filed a petition for an order permitting the filing of a motion for new trial out of time in this court, which we ordered transferred to the Springfield district of the court of appeals. That court overruled the petition on August 22, 1972.

On November 29, 1972, appellant appeared with Mr. Turley in the trial court, which granted allocution, imposed a two years' sentence, and further granted appellant's application for probation, committing him to supervision of the State Board of Probation and Parole, with conditions as set forth later herein.

On July 2, 1973, while still under probation, appellant filed a motion to vacate sentence and set aside conviction pursuant to rule 27.26. As grounds for his motion, appellant contended that he was denied assistance of counsel during a critical state of the proceedings against him, and was thereby precluded from taking an appeal from his conviction. The trial court overruled the motion, stating only that the evidence presented by appellant was insufficient to sustain his burden of proof. For reasons discussed later herein, we hold that the decision of the trial court was clearly erroneous, rule 27.26(j), and reverse.

Before discussing the merits of appellant's motion, however, the first question is whether appellant, who was never physically incarcerated, is entitled to invoke rule 27.26 to challenge the validity of his sentence. While the trial court denied appellant's motion on the merits, the court of appeals affirmed solely on the ground that appellant was not "in custody" so as to allow him to bring an action under the rule.

Appellant's probation was imposed pursuant to Sec. 549.071,[1] which provides in part:

"When any person of previous good character is convicted of any crime and commitment to the state department of correction or other confinement or fine is assessed as the punishment therefor, the court before whom the conviction was had, if satisfied that the defendant, if permitted to go at large, would not again violate the law, may in its discretion, by order of record, suspend the imposition of sentence or may pronounce sentence and suspend the execution thereof and may also place the defendant on probation upon such conditions as the court sees fit to impose."[2]

1. All statutory references are to RSMo 1969.

2. Appellant is not seeking to overturn the order granting probation, nor does he challenge any of the conditions imposed thereunder.

We recognize that such an attack is not cognizable under rule 27.26, Smith v. State, 517 S.W.2d 148 (Mo.1974). In that case, the defendant contended that due process was violated in that he was not granted probation.

Sec. 549.058(3) defines probation as ". . . a procedure under which a defendant found guilty of a crime upon verdict or plea is released by the court without imprisonment, subject to conditions imposed by the court and subject to the supervision of a probation service."

In this case, the trial court pronounced sentence, suspended the execution thereof, and imposed the following conditions:

"1. Pay Court costs of this proceeding.

"2. Pay restitution through Prosecuting Attorney of $652.62 for check involved in this prosecution and $34.62 check dated August 25, 1971, made payable to St. James Standard Service.

"3. Co-operate fully with State parole officers.

"4. Obey all laws and city ordinances." The record does not disclose whether or not any further conditions were imposed on appellant by the probation service.

In State v. Gray, 406 S.W.2d 580 (Mo. 1966), this court held that a prisoner who had been released on parole during the pendency of the appeal from an order denying his motion to vacate was "in custody" for the purpose of invoking rule 27.26. While relying in part upon Sec. 549.261(3), which provides: ". . . Every prisoner while on parole shall remain in the legal custody of the institution from which he was released . . .", the *Gray* court also indicated that "custody" includes restraints other than actual imprisonment, stating (406 S.W.2d l.c. 581–82):

". . . In State v. Baker, 355 Mo. 1048, 199 S.W.2d 393 [1947], a prisoner who escaped while taking a walk on the prison farm with permission of the guard was in 'custody' within the statute defining escape from prison. 'Custody' was said to refer 'not only to the actual corporeal and forcible detention of a prisoner, but also to measures whereby one person exercises any control over the person of another which confines such other person within certain limits.' 199 S.W.2d l.c. 396[7]. And for purposes of habeas corpus, 'any restraint which precludes freedom of action is sufficient, and actual confinement is not necessary.' Hyde v. Nelson, 287 Mo. 130, 229 S.W. 200, 202[2, 3] [1921], 14 A. L.R. 339."

The Gray decision also cites Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), a habeas corpus proceeding where the petitioner was paroled during his appeal from the denial of his petition. In reversing the court of appeals decision, which had dismissed the case as moot, the Supreme Court stated: "While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute . . ." 371 U.S. at 243, 83 S.Ct. at 377. See also Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), where the supreme court held that a petitioner who had been released on his own recognizance was "in custody" for purposes of habeas corpus.

█ Thus, in the context of both rule 27.26 and federal habeas corpus, "custody" is not limited to actual physical incarceration. The appellant in this case is hardly a free man. Persons on probation are subject to such conditions as are imposed by the court granting the probation and also by the board of probation and parole, Sec. 549.251. These conditions may include curfews, restrictions on travel, abstinence from alcohol, prohibitions against associating with certain persons, etc. Bond may

The court held that 27.26 will lie only to attack the sentence as such, and not the legality of orders relating to probation and parole. In this case, appellant seeks to set aside the two-year sentence imposed upon him, irrespective of the fact that the execution thereof was suspended.

be required, Sec. 549.091, and the probationer may be required to appear intermittently to submit proof that he has complied with all the conditions of his probation and conducted himself as a peaceful and law-abiding citizen, Sec. 549.081. "The liberty given to a person on conditional probation, parole, or pardon is subject to all conditions which are not illegal, immoral or impossible of performance." State v. Brantley, 353 S.W.2d 793, 796 (Mo.1962). Probation may be revoked at any time for violation of any of these conditions, and sentence may be imposed or ordered executed without credit for the period of probation served, Sec. 549.101.[3]

█ The court-imposed conditions in this case, for example, included restitution on two insufficient funds checks, one of which was not even involved in the prosecution. Thus the court imposed what amounted to civil liability upon the appellant through its broad discretionary powers to make conditions upon the granting of probation. We do not in the least intend to criticize this action of the trial court, we merely wish to point up the extraordinary duties, both affirmative and prohibitive, which may be visited upon a probationer. Because of these restraints and conditions, then, we hold that a person convicted of a crime and placed on probation is "in custody" for purposes of invoking rule 27.26.

Rule 27.26(b)(1) provides: "The provisions of this Rule may be invoked only by *one in custody* claiming the right to have a sentence vacated, set aside or corrected." (emphasis supplied). We observe that slightly different language is employed in the opening paragraph of the rule: "*A prisoner in custody under sentence* . . . may file a motion at any time . . . to vacate, set aside or correct the

same." (emphasis supplied). The state argues that although appellant is undeniably in custody, he is not under sentence and so does not come within the terms of 27.26. In support of this contention, the state cites McCulley v. State, 486 S.W.2d 419 (Mo.1972), in which it was declared that probation is not a sentence.

In McCulley, the defendant alleged that he had been given a more severe sentence upon retrial (seven years with probation) than on his first conviction (two years in the penitentiary), thus violating North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which prohibits the imposition of a more severe sentence upon retrial (except when based on identifiable conduct occurring after the original sentencing) in order to avoid the possibility that a defendant might be deterred from exercising his right to appeal or collaterally attack his first conviction. We declined to apply Pearce retroactively to McCulley, and also declared that probation and parole could not be considered as part of the "sentence" imposed in making the determination of whether or not a second sentence is more severe than the original. To do so, it was stated, would necessitate a purely subjective evaluation as to the impact of sentencing on each defendant. Thus, for purposes of determining "severity" under Pearce, we stated that a "sentence" consists of the punishment that comes within the particular statute designating the permissible penalty for the particular offense. Probation and parole, however, are only conditional orders for the amelioration of the punishment.

The flaw in the state's argument is thus apparent: it assumes that probation was the only action taken with respect to appellant's conviction. Here the appellant's punishment was assessed by the jury at two years in the penitentiary. Only the

3. Furthermore, under this section, a probation revocation is an informal proceeding without benefit of many constitutional protections afforded to defendants in a normal trial. See Moore v. Stamps, 507 S.W.2d 939, (Mo.App.1974); Brandt v. Percich, 507 S.W. 2d 951 (Mo.App.1974); Procedural Due Process in Probation and Parole, 39 Mo.L. Rev. 640 (1974).

execution of that sentence was suspended by the court and appellant was placed on probation. For purposes of 27.26 appellant is nonetheless "under sentence", and the custody of his probation flows from the sentence imposed but not executed.

With respect to the merits of appellant's motion, we reverse the judgment of the trial court denying relief. Appellant contends that he was denied the assistance of counsel during a critical stage of the proceedings against him. In Ball v. State, 479 S.W.2d 486, 488 (Mo.1972), we held that inasmuch as a motion for new trial is a basic step in the process of perfecting an appeal, a defendant who is denied counsel at that stage is denied a federally protected right, Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969).

In Johnson v. State, 458 S.W.2d 713 (Mo.1970), the defendant was taken to the state penitentiary immediately after his conviction. The next day, he wrote letters to the trial judge and to his retained attorney in which he demanded that a motion for new trial be filed and if necessary, that an appeal be taken. No steps were taken in this direction by either counsel or the trial court. When defendant sought post-conviction relief, the state conceded that defendant had been unconstitutionally denied his right to appeal.

In State v. Jones, 446 S.W.2d 796 (Mo. 1969), the defendant paid his attorney a fee to appeal his conviction but the attorney failed to do so. We affirmed the order and judgment of the trial court that the failure and negligence of counsel should not deprive the defendant of an appeal, and we granted defendant this opportunity.

In Holbert v. State, 439 S.W.2d 507 (Mo.1969), defendant alleged that his counsel had informed him that a motion for new trial had been filed and overruled, when in fact the motion had never been so filed. We held that defendant was entitled to an evidentiary hearing on his allegations, which if true, would entitle him to perfect an appeal.

■ In this case, appellant's court-appointed counsel requested and was granted leave by the trial court to file a motion for new trial on or before April 17, such a request being necessary to receive the maximum time allotted for the filing of such a motion under rule 27.20(a). Counsel was allowed to withdraw from the case some 25 days before the time expired without having filed the motion, and new counsel was not appointed until after the time had expired. Appellant, of necessity and by right, relied on the court to provide him with counsel. He does not suggest that the court erred in allowing the first attorney to withdraw; rather, the error lies in that the court neither required him first to file the motion, nor appointed another attorney to do so within the time allotted.

The fact that appellant's first attorney requested additional time to file the motion under rule 27.20 sufficiently demonstrates that appellant wished to appeal his conviction, and distinguishes this case from Green v. State, 451 S.W.2d 82 (Mo.1970), where there was no evidence that the defendant desired to appeal, and his decision to do so was held to be a mere afterthought.

■ Appellant argues that the only proper relief in this case is to set aside the judgment of conviction and allow him to be tried again, so that the time for filing a motion for new trial (which cannot be enlarged) may begin to run again. We have consistently held, however, that the appropriate remedy in cases where the right to an appeal has been unconstitutionally abridged, is to vacate the sentence and order the case remanded with directions to permit the appellant to file a motion for new trial. Johnson v. State, supra, on motion for rehearing, 458 S.W.2d at 716; Holbert v. State, supra; State v. Jones, supra.

The judgment of the trial court is reversed and the cause remanded with directions to vacate the sentence and judgment and to permit the defendant to file a mo-

tion for new trial and for further proceedings appropriate thereto consistent herewith.

MORGAN, BARDGETT, and FINCH, JJ., concur.

HENLEY, J., concurs in result.

HOLMAN, J., dissents in separate dissenting opinion filed.

DONNELLY, C. J., dissents and concurs in separate dissenting opinion of HOLMAN, J.

HOLMAN, Justice.

I dissent. I see no reasonable basis for holding that a defendant who is not imprisoned but is free on probation is "in custody" within the meaning of Rule 27.26. If it is considered desirable to permit defendants who have been granted probation to seek relief under Rule 27.26 then this court should amend the rule and specifically so provide.