**Louis Hollie MILLER, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 11506.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 26, 1980.

Motion for Rehearing and to Transfer Denied July 16, 1980.

Application to Transfer Denied Sept. 9, 1980.

Blair Buckley, Jr., Public Defender, Caruthersville, for movant-appellant.

John D. Ashcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Appellant Louis Hollie Miller filed a Rule 27.26, V.A.M.R., motion seeking to vacate two life sentences imposed in 1952 after he had entered pleas of guilty to charges of first degree murder and first degree robbery. Following appointment of counsel and an evidentiary hearing, the Circuit Court of New Madrid County denied appellant's motion. We affirm.

By reason of appellant's pleas of guilty, his contentions regarding ineffective assistance of counsel are immaterial except to

the extent this ground bears on the issues of voluntariness and understanding. *Parks v. State*, 518 S.W.2d 181 (Mo.App.1974).

The doctrine of laches is inapplicable to a Rule 27.26 postconviction proceeding but the lapse of time may be considered in determining the good faith and credibility of one seeking such relief. *Rhoades v. State*, 504 S.W.2d 291 (Mo.App.1973).

Appellant admitted and the trial court found that the pleas were influenced by the possibility of the death penalty being imposed. Such fear does not render the guilty pleas involuntary. *Wright v. State*, 549 S.W.2d 554 (Mo.App.1977).

The trial court had the right to reject appellant's testimony of alleged derelictions of his court-appointed attorney and accept as true the attorney's testimony. *Armstrong v. State*, 534 S.W.2d 547 (Mo. App.1976).

The trial court's findings, conclusions and judgment are not clearly erroneous and the judgment is affirmed.

All concur.