Timothy HAYES, Appellant,

v.

STATE of Missouri, Respondent.

No. 15439.

Missouri Court of Appeals,
Southern District,
Division One.

July 29, 1988.

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Timothy Hayes ("movant") appeals from a judgment denying his motion under Rule 27.26 [1] to vacate his conviction, per jury trial, of murder in the second degree, § 565.004, RSMo 1978,[2] and 10–year prison sentence. In denying movant's motion, the circuit court (henceforth referred to as "the motion court") conducted no evidentiary hearing but did enter findings of fact and conclusions of law. Movant briefs one assignment of error, consideration of which requires a procedural history.

The verdict was returned July 29, 1982. That same date the trial court fixed August 23, 1982, as the deadline for filing "[a]fter trial motions." On August 2, 1982, four days after the verdict, movant, accompanied by his attorney, appeared in the trial court. The trial court's docket sheet bears an entry that date providing, in pertinent part:

"Deft questioned under oath and waives right for new trial. Deft. waives right to Appeal. Deft waives right to Pre-sentence Investigation. Allocution granted. It is the judgment and sentence of the Court that Deft be committed to the Missouri Division of Corrections for a period of 10 years."

A formal judgment was entered by the trial court the same day.

Movant's motion to vacate was filed pro se September 3, 1986. It alleged that the attorney who represented movant in the trial court had rendered ineffective assistance in several respects. That attorney is henceforth referred to as "defense counsel." Only two of movant's averments of ineffective assistance need be recited in this opinion. They are:

"... CLAIM I:

Movant's defense [counsel] ... was ineffective for failure to object to, or move for the suppression of the out-of-court statement given by his co-defendant, Mildred Ann Simon, implicating movant as being the actual killer.... [M]ovant would state that the confession that his co-defendant gave the police officers was inadmissible ... under [certain provisions of chapter 211, RSMo] in that movant's co-defendant did not make a knowing, voluntary and intelligent waiver of her right to remain silent and to counsel; said statement was elicit [sic] in violation of [certain statutes, court rules, and ap-

1. Rule references are to Missouri Rules of Criminal Procedure (18th ed. 1987). Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion

under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).

2. Section 565.004, RSMo 1978, was repealed effective July 1, 1984, by Laws 1983, H.C.S.S.C.S. S.B. 276, pp. 922–31.

pellate decisions]. Failure of movant's defense counsel to move for the suppression of co-defendant's out-of-court statements prejudice [sic] his defense, and as a result deprived movant of a fair trial. GROUND II:

... movant's defense counsel ... was ineffective for failure to imform [sic] movant of his right to direct appeal, thereby denying movant access to the court and to proper petition the courts for redress of wrongs as described herein.... Movant's defense counsel failed to file a Notice of Appeal, and was therefore ineffective, in that he should have known of ... the ten day time period for filing such notice. Failure of movant's defense counsel to perfect an appeal, and to advise movant of his right to appeal, constitutes ineffective assistance of counsel, in that counsel abandoned movant's appeal."

An attorney was appointed by the motion court to represent movant in the 27.26 proceeding. We shall henceforth refer to such attorney as "motion counsel," [3] to distinguish him from defense counsel.

In connection with motion counsel's representation of movant, Rule 27.26(h) provided, in pertinent part:

"Counsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion."

As explained in *Fields v. State,* 572 S.W. 2d 477, 483[2] (Mo. banc 1978), counsel appointed for a prisoner in a 27.26 proceeding had the obligation, after sufficient communication with the prisoner, to amend a pro se motion to state factually in lawyer-like fashion the bases for all claims for relief the prisoner claimed to have. The amended motion could then properly serve the function of a pleading of the issues under Rule 27.26. *Pool v. State,* 634 S.W. 2d 564, 566 (Mo.App.1982). No other practice was to be tolerated. *Id.*

Motion counsel, however, filed no amended motion, even though there appears to have been ample time for motion counsel to have done so. Whether the failure to file an amended motion was the result of a directive from movant to motion counsel is indeterminable from the record.

The motion court's findings of fact and conclusions of law contained the following:

"A. Findings of Fact.

....

2. On August 2, 1982, Movant appeared for sentencing in [the murder] case and, under oath and upon examination, waived his rights to new trial and appeal;

3. No appeal from that conviction was taken;

4. The current action was not filed until September 3, 1986.

B. Conclusions of Law.

1. A Movant for post conviction relief who has failed to pursue a direct appeal from a judgment of conviction, has waived all available constitutional rights; *Elo v. State,* 639 S.W.2d 644 (Mo.App. 1982),

2. A motion for post conviction relief must be filed within a reasonable length of time; *Miller v. State,* 603 S.W.2d 29 (Mo.App.1980); ... *Jackson v. State,* 548 S.W.2d 624 (Mo.App.1977);

3. Where the motion and records of a case show that the Movant is not entitled to relief, no evidentiry [sic] hearing is necessary; *Flowers v. State,* 632 S.W.2d 307 (Mo.App.1982).

C. Judgment.

Now, therefore, the Court finds that Movant ... has waived his right to relief under Rule 27.26 and that an evidentiary hearing is not necessary...."

Movant's sole point on appeal asserts, in pertinent part:

"The [motion] court clearly erred in denying [movant's] ... motion without an evidentiary hearing because [the] mo-

---

**3.** The attorney representing movant in this appeal is not the same attorney as motion counsel.

tion pleaded facts not refuted by the record in support of his claims of ineffective assistance of counsel in that [movant]

### A.

Asserted counsel did not fully explain [movant's] rights to a direct appeal of his conviction ... or the consequences of a waiver of appeal so a fact issue was raised regarding [movant] knowingly and intelligently waiving his constitutional rights to an appeal;

### B.

Asserted counsel improperly failed to object to and preclude the admission of a co-defendant's extra-judicial statement which implicated [movant] as the victim's killer, and absent a hearing, it is impossible to determine if counsel could and should have successfully challenged the admission of this statement at trial or had strategic reasons for allowing its admission...."

The state responds that the allegations of movant's motion were insufficient to entitle him to an evidentiary hearing. Citing *Frazier v. State*, 738 S.W.2d 131, 133[1] (Mo.App.1987), the state emphasizes that to be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the prisoner.

As to component "A" of movant's point on appeal the state argues that movant's motion contained no allegation that (1) his waiver of the right to appeal was "neither voluntary nor knowing," (2) he was pressured or coerced into waiving his right to appeal by means that violated his constitutional rights, (3) he would have taken an appeal had his attorney told him to, or (4) there were any grounds on which an appeal would have had merit and been successful. Consequently, says the state, there was no prejudice alleged and defense counsel cannot be branded ineffective for failing to tell movant to appeal where there would have been no successful claim of error.

As to component "B" of movant's point on appeal the state asserts that movant's motion contained no allegation regarding (1) the content of the codefendant's statement, or (2) how it prejudiced movant at trial. Furthermore, says the state, movant failed to allege how the statement was rendered inadmissible against *him* by the "statutes and rules dealing with juveniles."

The state, as we read its brief, makes no effort to justify the motion court's denial of relief on the grounds set forth by the motion court in its conclusions of law, quoted *supra*. The state's reticence has not escaped our attention.

■ There is measurable weight in the state's argument that movant's motion did not contain sufficient factual allegations to warrant an evidentiary hearing on any of the instances of alleged ineffective assistance of counsel about which the motion complained. We have, however, concluded that the factual allegations of movant's motion were sufficient—though barely so—to require an evidentiary hearing at least in regard to the issue of ineffectiveness identified in component "B" of the point on appeal. That complaint of ineffectiveness was set forth in "CLAIM I" of movant's motion, quoted *supra*.

"CLAIM I" charged defense counsel with ineffectiveness in failing to object to, or move for suppression of, an out-of-court statement by movant's codefendant. "CLAIM I" alleged that such statement implicated movant as the actual killer, that the statement was inadmissible by reason of certain provisions of chapter 211, RSMo, and that defense counsel's failure to resist the admission of such statement in evidence prejudiced movant.

While the state is correct in declaring that movant's motion failed to plead how the alleged violations of chapter 211 rendered the statement inadmissible against movant, it is obvious that the statement—so far as its use against movant was concerned—was hearsay.

If, as movant's motion alleged, the statement indeed implicated movant as the killer, and if, as movant's motion also alleged, defense counsel made no effort to prevent the admission of the statement in evidence, one is left to wonder why. We recognize, of course, that movant's allegations may be incorrect. We also recognize that even if the allegations be correct, there may have been a tactical reason why defense counsel offered no resistance to the statement. Those issues, however, can be resolved only by an evidentiary hearing. We therefore hold that the motion court's judgment must be reversed and the cause must be remanded for an evidentiary hearing on at least "CLAIM I" of movant's motion.

In reaching that decision we have not ignored the motion court's conclusions of law which, as noted earlier, were unmentioned in the state's brief.

The first ground relied on by the motion court in denying relief was that a prisoner seeking post-conviction relief who has failed to pursue a direct appeal from a judgment of conviction has waived all available constitutional rights (inferably including the constitutional right to effective assistance of counsel). In support of that proclamation the motion court cited *Elo v. State*, 639 S.W.2d 644 (Mo.App.1982). The reliance on *Elo* was misplaced. There, the accused was convicted by jury and failed to pursue and appeal. Later, he sought relief under Rule 27.26, complaining of sundry *trial errors* of constitutional dimension. His 27.26 motion did not, however, complain that the attorney who had represented him at trial had rendered ineffective assistance. The appellate court in *Elo*, citing *Nickens v. State*, 506 S.W.2d 381, 386 (Mo.1974), declared that a proceeding under Rule 27.26 could not be utilized to collaterally attack alleged constitutional deficiencies which an accused had knowingly and voluntarily waived. *Elo*, 639 S.W.2d at 646. We have no quarrel with that proposi-

tion. In our view, however, it does not apply to movant's claims of ineffective assistance in the instant case.

In *State v. Cluck*, 451 S.W.2d 103 (Mo. 1970), the accused, on direct appeal from a felony conviction, maintained that the attorney who represented him at trial had rendered ineffective assistance. The Supreme Court of Missouri declined to review the contention because the record did not sufficiently develop facts essential to a meaningful review. *Id.* at 106–07[8]. The opinion explained that the accused could raise the issue of ineffective assistance by a motion under Rule 27.26, whereupon an evidentiary hearing could be held and a full disclosure of all the facts could be had. *Id.* at 107.

In *State v. Blackwell*, 459 S.W.2d 268, 269 (Mo. banc 1970), the Supreme Court of Missouri pointed out that the issue of ineffective assistance of counsel usually arises after the conclusion of the trial, and as a result there has been no testimony offered on that specific issue, the facts pertinent thereto are not fully developed, and an appellate court reviewing a conviction on direct appeal would not have the benefit of findings, conclusions and a ruling thereon by the trial court.

 We agree with *Thompson v. State*, 651 S.W.2d 657, 657–58[1] (Mo.App. 1983), that an accused who deliberately bypasses his right of appeal cannot by post-conviction proceedings raise claims of error that he might have raised on such appeal. It is manifest, however, from *Cluck* and *Blackwell* that claims of ineffective assistance of counsel are, as a general rule, not cognizable on direct appeal of a criminal conviction, even though in some instances such claims have been adjudicated on direct appeal.[4] It is thus apparent that even if movant had pursued a direct appeal from his conviction, he would not have been compelled to raise the issue of ineffective as-

4. Cases where allegations of ineffective assistance of counsel have been raised on direct appeal of a criminal conviction and adjudicated by the appellate court include *State v. Williams,* 652 S.W.2d 102, 116 (Mo. banc 1983); *State v. Murphy,* 592 S.W.2d 727, 734 (Mo. banc 1979); *State v. Johnson,* 637 S.W.2d 290, 292 (Mo.App. 1982); *State v. Hamell,* 561 S.W.2d 357, 361–64 (Mo.App.1977); *State v. Hall,* 525 S.W.2d 364, 365–67 (Mo.App.1975); and *State v. Nolan,* 499 S.W.2d 240, 251–52 (Mo.App.1973).

sistance of counsel in such appeal, and had he failed to do so he would not have been prohibited from raising such issue later in a proceeding under Rule 27.26.

■ We therefore hold that even if movant, on August 2, 1982, made a knowing and voluntary waiver of his right to appeal the murder conviction (a subject discussed more fully *infra*), he is not thereby foreclosed from raising, in the instant proceeding under Rule 27.26, the issue of ineffective assistance of counsel pled in "CLAIM I" of his pro se motion. Lest our holding be misconstrued, we caution that *if* movant's waiver of the right to appeal the conviction be valid, he is now precluded from asserting any claim of *trial error* in the admission in evidence of his codefendant's statement. He is not, however, barred from complaining that defense counsel rendered ineffective assistance in failing to challenge the admissibility of such statement.

■ The second ground relied on by the motion court in denying relief was that a motion for post-conviction relief must be filed within a reasonable length of time. In support of that proposition the motion court cited *Miller v. State*, 603 S.W.2d 29 (Mo.App.1980), and *Jackson v. State*, 548 S.W.2d 624 (Mo.App.1977). *Miller* held that while the doctrine of laches is inapplicable to a Rule 27.26 proceeding, the lapse of time between a conviction and the filing of a 27.26 proceeding may be considered in determining the good faith and credibility of the prisoner seeking relief. 603 S.W.2d at 30[1]. *Jackson* held that while a proceeding under Rule 27.26 could be filed at anytime a prisoner was in custody, it should be filed within a reasonable length of time, and delay was a relevant factor in consideration of the motion on its merits. 548 S.W.2d at 626[6]. Neither *Miller* nor *Jackson* supports the proposition for which they were cited by the motion court, and we are aware of no case holding that delay in filing a motion under Rule 27.26 is a sufficient reason, alone, for denying relief. It follows that the motion court erred in denying movant's motion on the ground

that it was not filed within a reasonable length of time.

The final ground relied on by the motion court was that where a motion for post-conviction relief and the records of a case show that the prisoner is not entitled to relief, no evidentiary hearing is necessary. We do not dispute that declaration as an abstract statement of law. It is simply inapplicable here. As explained earlier, the allegation of ineffective assistance in "CLAIM I" of movant's motion requires an evidentiary hearing. Consequently, the motion court's failure to hold a hearing on that issue compels reversal and remand.

Having decided that, it is unnecessary in the disposition of this appeal to determine whether "GROUND II" or any of the other complaints of ineffective assistance in movant's motion contained sufficient factual allegations to require an evidentiary hearing, and we express no opinion on that question, as it may become moot on remand. As explained earlier, it was motion counsel's obligation to amend movant's pro se motion to state factually in lawyerlike fashion the bases of all claims for relief asserted by movant. On remand, the attorney representing movant in the motion court can consider the attacks on movant's motion leveled by the state's brief, and can decide whether the motion should be amended.

One further comment is called for in regard to "GROUND II" of movant's motion. If, on remand, the motion court should find merit in movant's contention that defense counsel rendered ineffective assistance in failing to inform movant of his right to file a motion for a new trial or to appeal, the holding of *Holbert v. State*, 439 S.W.2d 507 (Mo.1969), would come into play. *Holbert* teaches that if an accused, because of ineffective assistance of counsel, fails to file a motion for a new trial, the remedy is not to set aside the verdict of guilty, but to vacate the allocution, sentence and judgment so that a motion for new trial can be filed and, if necessary, a meaningful appeal perfected. *Id.* at 510[8].

In making this observation we do not imply that there is any merit in the allega-

tion of ineffective assistance in "GROUND II." It may be that if the motion court holds an evidentiary hearing on that issue, a transcript of the proceedings of August 2, 1982, and other relevant evidence including, perhaps, the testimony of defense counsel will establish that movant's waiver of the rights to file a motion for a new trial and to appeal were made knowingly and voluntarily, upon proper advice by defense counsel. In that regard, the state's brief points out that movant received the minimum authorized sentence for murder in the second degree, and it may be that such circumstance motivated movant to seek no new trial or appellate review. Those questions, however, are not before us, and we need not speculate how they may be resolved on remand.

The judgment of the motion court denying movant's motion is reversed and the cause is remanded for further proceedings consistent with this opinion. On remand, the attorney representing movant in the motion court should be allowed a reasonable time to communicate with movant and to decide whether to amend the pro se motion.

HOLSTEIN, C.J., and GREENE, J., concur.