Charles W. EMMONS,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 56238.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 5, 1989.

David E. Woods, Public Defender, Poplar Bluff, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

PER CURIAM.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion. We reverse and remand.

Movant, on April 30, 1985, pled guilty to attempting to receive stolen property over $150 in value. The court suspended imposition of sentence and placed movant on five

years' probation. Movant also pled guilty, at the same time, to three other charges for which he received fines and a sentence of six months' imprisonment.

On August 10, 1987, a probation violation warrant dated July 16, 1987, was filed against movant. Movant, on November 12, 1987, filed an application for a writ of error coram nobis challenging all four convictions. He challenged the convictions on the grounds 1) that his pleas were involuntarily made because the information defectively charged him of attempting to receive stolen property over $150 in value and 2) that counsel was ineffective. The court denied the application on January 27, 1988. Subsequently, on April 4, 1988, the court revoked movant's probation and imposed "a sentence of 3 years, Mo. Dept. of Corrections consecutive to 12 year sentence imposed this date."

On July 7, 1988, movant filed his pro se rule 24.035 motion challenging his conviction for attempting to receive stolen property over $150 in value.[1] Appointed counsel filed an amended motion. The court entered findings of fact and conclusions of law denying the motion based on Rule 24.-035(k) which provides, "The circuit court shall not entertain successive motions."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Chatman v. State*, 766 S.W.2d 724, 725 (Mo.App.1989). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

Movant's principal point on appeal is that the motion court clearly erred in concluding his application for a writ of error coram

nobis was a prior motion for purposes of Rule 24.035(k). We agree.[2]

The motion court concluded movant's application for a writ of error coram nobis was, in effect, a Rule 27.26 motion challenging his conviction and sentence for attempting to receive stolen property over $150 in value. Relief under Rule 27.26 was only available to "prisoner[s] in custody under sentence...." Rule 27.26 (repealed). Here, the application was filed and disposed of prior to the imposition of sentence on the attempted receiving stolen property charge. The case the state relies on, *Nicholson v. State*, 524 S.W.2d 106 (Mo. banc 1975), is of no help. In *Nicholson* sentence had been imposed; execution was suspended. Because movant was not under sentence when his application for writ of error coram nobis was filed and disposed of, his Rule 24.035 motion is not a successive motion. We therefore reverse and remand for a determination of whether movant's Rule 24.035 motion is timely and, if timely, for a determination on the merits.

Judgment reversed and cause remanded.

---

1. We note that movant's motion may be untimely. Rule 24.035(b) mandates that the motion be filed within ninety days after the movant is delivered to the custody of the department of corrections. Movant's motion was filed ninety-four days ((30 − 4) + 31 + 30 + 7) after he was sentenced. The record does not reveal when he was delivered to the custody of the department of corrections.

2. Therefore, we do not reach movant's other points.